## PEOPLE *v.* CLEVELAND.

1. CRIMINAL LAW—RAPE—GREAT WEIGHT OF EVIDENCE—SUPREME COURT.

   On review of conviction of rape where record shows the evidence was conflicting and that the verdict was not contrary to the great weight of the testimony the Supreme Court will not substitute its judgment for that of the jury.

2. SAME—EVIDENCE OF PREVIOUS OFFENSES—INSTRUCTIONS.

   In prosecution for rape, claimed prejudicial error of prosecuting attorney in remarking that a previous crime of which defendant had been convicted might have been an assault on a child *held*, removed by instruction immediately given by the court that proof of a previous assault and battery was admissible on matter of credibility of defendant but size of person assaulted and any other comments and side remarks were to be disregarded.

3. SAME—UNNECESSARY REMARKS OF PROSECUTOR.

   In prosecution for rape where prosecuting attorney asked one of appellant's witnesses a question and witness replied he was then off the witness stand, remark of prosecutor ''Get back on the stand, Smartness,'' although unnecessary, was not ground for reversal.

4. SAME—IRRELEVANT ISSUES—RAPE—VENEREAL DISEASE.

   In prosecution for rape in which cross-examination of defendant developed that he had taken a blood test and had received treatments but no direct reference to question as to whether he had a venereal disease was made until by his counsel on re-direct examination after which the matter was openly pursued by prosecuting attorney, reversal will not be predicated on the injection of such an obviously irrelevant issue in the absence of an objection to the introduction of such issue and open pursuit thereof by defendant's counsel after inference arose.

5. SAME—JOCULAR STATEMENTS—OBJECTION.

   In prosecutor's argument to jury in prosecution for rape in which an apparent attempt to be humorous evoked a statement that defendant's counsel was better qualified ·as an expert on the subject of rape than was the prosecutor *held*, not reversible error where made in a jocular mood, so accepted, and no objection interjected.

Appeal from Recorder's Court for the city of Detroit; Gordon (Arthur E.), J. Submitted June 13, 1940. (Docket No. 93, Calendar No. 40,977.) Decided October 7, 1940.

John Cleveland was convicted of rape. Affirmed.

*Harold E. Bledsoe,* for appellant.

*Thomas Read,* Attorney General, *Duncan C. Mc-Crea,* Prosecuting Attorney, and *John K. Graham, William L. Brunner,* and *Russell C. Duncan,* Assistant Prosecuting Attorneys, for the people.

CHANDLER, J. Appellant was convicted of the crime of rape and at the trial claimed that he was not present at the time and place the offense alleged occurred. On appeal, he seeks a new trial, one of the grounds therefor being that the verdict was contrary to the great weight of the evidence. The record is sordid and it would be of no consequence to relate the details exposed therein. A careful review thereof shows that the testimony was in conflict as to whether defendant was innocent or guilty of the crime. The verdict was not contrary to the great weight of the testimony and it is not the province of this court to substitute our judgment for that of the jury on disputed questions of fact.

During examination of appellant by his counsel, the following occurred:

"*Q.* Now, do you remember being on six months' probation for assault and battery, that is, a fight?

"*A.* Yes, sir, I was on probation.

"*Q.* There was a fight in 1930?

"*A.* I don't know just what year it was.

"*Q.* Well, that is the time,—the first conviction he is talking about?

"*A.* I know I was on probation. I don't know what year it was.

"*Mr. Graham:* I will object to counsel's stating that it was fighting, because it is just as obvious that it might have been assault on a child, or something of that nature. It runs into one phase of such crimes.

"*Mr Pettiford:* Your Honor please, this prosecuting officer is trying to inject in something prejudicial to this defendant.

"*Mr. Graham:* I object to that and ask him to be reprimanded if he continues, for the simple reason, here is assault and battery, and I asked him about it, I said,——

"*The Court:* Well, he might have been fighting, but we are not going to try that case. We need not go further with it. The charge apparently in the record was assault and battery. We are not going to try that case."

Appellant contends that the reference of the prosecuting attorney to an "assault on a child" was prejudicial, and that the court was in error in permitting the statement. We believe any existing prejudice to have been removed by the following instruction to the jury which was immediately given by the court.

"*The Court:* * * * We are not here to try the question of whether he was convicted of fighting with a man my size, or whether with a child, or anyone else, and any comment by either attorney is to be disregarded by you. It has nothing to do with the case. The only question is whether or not he was convicted on a certain day of assault and battery, and that is not proof of any offense of which he was charged. It is merely permitted in here as a measure of credibility, to help you to determine how much you believe of the witness' story. That is all, and these side remarks by the attorneys and explanations or

innuendo, are not to be regarded as proof of any kind. You can disregard it."

During the cross-examination of Mr. Baker, one of appellant's witnesses, the following occurred:

"*Q.* That is all. Did he tell you what you would receive in compensation?

"*A.* I am off the stand now.

"*Q.* Get back on the stand, Smartness."

Appellant claims the flippant statement of the prosecutor to the witness, "Get back on the stand, Smartness," was reason for reversal. The remark was unnecessary but not grounds for reversal.

During the cross-examination of appellant, it developed that he had taken a blood test at Receiving Hospital and had subsequently been receiving treatments, apparently upon orders of his employer. Appellant claims that it was prejudicial error to permit this questioning in that the inference the jury drew therefrom was that he was suffering from and being treated for a venereal disease.

The record shows that no direct reference was made to a venereal disease until subsequent re-direct examination by appellant's counsel, the question thereafter being openly pursued by the prosecuting attorney on re-cross-examination. The question as to whether appellant was or was not afflicted with a venereal disease was obviously irrelevant to the issue being tried. He cannot complain, however, as no objection to the introduction of the issue was made and his own counsel openly pursued the point after the inference of the existence of the disease had arisen. See *People* v. *Rosa,* 268 Mich. 462.

During the argument to the jury, the prosecutor, apparently attempting to be humorous, stated in substance that appellant's counsel was better qualified as an expert on the subject of rape than he was.

It is admitted that this uncalled-for observation was made in a jocular mood and so accepted. We fail to find that prejudicial error resulted therefrom, and in any event error cannot be predicated thereon as no objection was interjected. *People* v. *Goldberg,* 248 Mich. 553.

Conviction and sentence affirmed.

Bushnell, C. J., and Sharpe, North, McAllister, Wiest, and Butzel, JJ., concurred. The late Justice Potter took no part in this decision.