PEOPLE v. TISZAE

1. CRIMINAL LAW—BREAKING AND ENTERING—CORPUS DELICTI—EVI-
DENCE—SUFFICIENCY.
   The *corpus delicti* of the crime of breaking and entering a busi-
   ness place with intent to commit a larceny was sufficiently
   established where the record showed that defendants were
   arrested at 3:25 a.m. in a store in which a window had been
   broken since the time the store had closed, with guns in their
   hands and merchandise scattered about the gun department
   (MCLA § 750.110).

2. CRIMINAL LAW — LESSER INCLUDED OFFENSES — EVIDENCE —
INSTRUCTIONS TO JURY.
   Failure to instruct the jury on lesser included offenses was not
   error where there was no evidence to support such an instruc-
   tion.

Appeal from Wayne, Joseph A. Moynihan, J.
Submitted Division 1 February 24, 1970, at Grand
Rapids.   (Docket No. 7,438.)   Decided March 31,
1970.

Thomas Allen Tiszae and David Wendler were
convicted of breaking and entering with intent to
commit a larceny. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,* Chief

---

REFERENCES FOR POINTS IN HEADNOTES
[1]  13 Am Jur 2d, Burglary § 48.
[2]  53 Am Jur, Trial § 798.

Appellate Counsel, and *Patricia J. Pernick,* Assistant Prosecuting Attorney, for the people.

*Frederick G. Buesser III,* for defendant on appeal.

Before: R. B. Burns, P. J., and Holbrook and T. M. Burns, JJ.

Per Curiam. This case is submitted on the people's motion to affirm pursuant to GCR 1963, 817.5 (3). Defendants were convicted by a jury of breaking and entering a business place with intent to commit a larceny (MCLA § 750.110 [Stat Ann 1970 Cum Supp § 28.305]) on December 16, 1968. Defendants were sentenced to 3 to 10 years in the State prison.

On appeal, defendants assert that there was insufficient proof to establish the corpus delicti of the crime charged and that the trial judge should have instructed the jury as to the lesser offenses of entering without breaking and entering without breaking and without permission. See MCLA §§ 750.111; 750.115 (Stat Ann 1970 Cum Supp § 28.306; Stat Ann 1962 Rev § 28.310).

After a careful review of the record, we believe that the evidence is more than sufficient to substantiate the corpus delicti of the crime charged. Defendants were arrested by officers in the store at 3:25 a.m. with guns in their hands and merchandise scattered about the gun department. Moreover, a window had been broken since the time that the store had closed. We deem the case of *People* v. *Lambo* (1967), 8 Mich App 320, controlling with respect to the facts of the instant case.

Moreover, there were sufficient facts to convict each defendant of the crime individually, MCLA § 767.39 (Stat Ann 1954 Rev § 28.979).

Finally, we find that there was no evidence to substantiate an instruction by the trial judge on the lesser included offenses. See *People* v. *Carabell* (1968), 11 Mich App 519. That there was a "breaking" cannot be disputed. *People* v. *White* (1908), 153 Mich 617, 621. Motion to affirm is granted.