PEOPLE v ULISTER SMITH

Docket No. 63179. Submitted January 7, 1983, at Lansing.—Decided April 6, 1983.

Defendant, Ulister Smith, Jr., was convicted of larceny from a motor vehicle, Berrien Circuit Court, William S. White, J. Defendant appealed. *Held:*

1. Defendant alleged that he and other indigent defendants represented by appointed appellate counsel are denied equal protection of the laws by the time limitation on filing a motion for a new trial. While the time for filing a motion for a new trial will often pass before appellate counsel is appointed, GCR 1963, 817.6 requires the Court of Appeals to grant a timely motion to remand on an issue sought to be reviewed on appeal which should initially be decided by the trial court. That procedure adequately preserves defendant's right to move for a new trial.

2. Defendant's claim that his lawyer's performance as a whole denied him effective assistance of counsel should be made in a motion for a new trial and should be considered first by the trial judge.

3. Defendant's claim that he was denied a fair trial by his counsel's serious mistake in failing to move for a directed verdict may be addressed to the Court of Appeals in the first instance. No mistake was made unless a directed verdict should have been granted if requested. The evidence was sufficient to deny a directed verdict.

Affirmed without prejudice to make a delayed motion for a new trial.

1. CRIMINAL LAW — APPEAL — PAUPERS — NEW TRIAL — EQUAL PROTECTION — COURT RULES.

Indigent defendants represented by appointed appellate counsel

REFERENCE FOR POINTS IN HEADNOTES

[1] 21A Am Jur 2d, Criminal Law §§ 809, 835.

[2] 21A Am Jur 2d, Criminal Law § 986.
  58 Am Jur 2d, New Trial § 161.

[3] 75 Am Jur 2d, Trial §§ 540, 549.

are *not* denied equal protection of the laws by virtue of the time limitation on filing a motion for a new trial (GCR 803.1).

2. CRIMINAL LAW — ASSISTANCE OF COUNSEL — APPEAL.

A defendant's claim that his lawyer's performance as a whole denied him effective assistance of counsel should be made in a motion for a new trial and should be considered first by the trial judge.

3. CRIMINAL LAW — APPEAL — MISTAKE OF COUNSEL — DIRECTED VERDICT.

A defendant's claim that he was denied a fair trial by his counsel's serious mistake in failing to move for a directed verdict may be addressed to the Court of Appeals in the first instance; no mistake was made unless a directed verdict should have been granted if requested; defendant's claim is directed to the sufficiency of the evidence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul L. Maloney,* Prosecuting Attorney, and *Margaret A. Penninger,* Assistant Prosecuting Attorney, for the people.

*Spelman, Taglia, Meek, Lagoni, Burdick & Sauer* (by *Michael L. Metzger),* for defendant on appeal.

Before: ALLEN, P.J., and BRONSON and WAHLS, JJ.

PER CURIAM. Defendant appeals by right his conviction of larceny from a motor vehicle, MCL 750.356a; MSA 28.588(1).

Defendant first claims that he and other indigent defendants represented by appointed appellate counsel are denied equal protection of the laws by the time limitations on filing a motion for a new trial. We agree with defendant that, in many cases, counsel is not appointed before the time for bringing a new trial motion has passed. We also agree with defendant that the availability of a motion to extend time (GCR 1963, 803.1) to

move for a new trial does not effectively preserve defendant's right. Such a motion must be made within 60 days of. the entry of the judgment appealed from. This period coincides neatly with the deadline for appointment of appellate counsel. We cannot expect an uncounseled defendant to move successfully for an extension of time when he must first interpret the same rules that the prosecutor has misinterpreted here.

We do not, however, agree with defendant that he is left without a remedy. GCR 1963, 817.6 requires this Court to grant a timely motion to remand on an issue sought to be reviewed on appeal which should be initially decided by the trial judge. *People v Johnson,* 413 Mich 487; 320 NW2d 876 (1982). Although the available procedure may be unnecessarily circuitous and result in waste of the resources of the criminal justice system, it does effectively preserve defendant's right to move for a new trial.

Defendant claims that the admission, over his objection, of testimony concerning the time it took a witness to walk two miles was a reversible error. We do not agree with defendant's claim that the decision to admit this evidence was erroneous. In light of the defense presented, the time that it may have taken defendant to walk two miles was relevant. The police officer testified that he was an experienced walker, who had often timed himself. Although this testimony was of marginal probative value, this shortcoming was clear to the jury: *i.e.,* it had no likely prejudicial effect. If any error occurred, it was harmless.

Defendant also claims that he was denied his right to effective assistance of counsel. We cannot assess his claim that his lawyer's performance, as a whole, was inadequate. Such a claim must be

made in a motion for a new trial. We believe that a claim that defense counsel was generally ineffective should be considered by the trial judge in the first instance.

Generally, a claim that a defendant was deprived of a fair trial by his counsel's serious mistake should also first be addressed to the trial court. Our analysis of defendant's claim that a directed verdict motion should have been made does not follow this general rule. To warrant a new trial, a defendant must show that his counsel made a serious mistake, without which he had a reasonably likely chance of acquittal. *People v Garcia,* 398 Mich 250, 264-266; 247 NW2d 547 (1976). This test cannot be applied intelligently to the failure to bring a directed verdict motion. The question of the sufficiency of the evidence supporting a conviction is a legal one, which admits of no discretion. We believe, therefore, that a "serious mistake" is made only if the contention underlying the claim is valid, *i.e.,* only if a verdict should have been directed. If this contention is valid, defendant is entitled not just to a new trial but to acquittal and discharge. We, therefore, analyze this defendant's ineffective assistance claim as if it were a challenge to the sufficiency of the evidence.[1] This Court commonly decides such claims in the first instance.

Although the evidence against defendant was circumstantial, it was not weak. Defendant's fingerprint on a heating duct torn out to get at the stolen radio placed him in the car from which the larceny occurred. The tracks of the thief in snow

---

[1] This would not be true if defendant was convicted of a lesser offense and he claimed that his counsel made a serious mistake by not moving for a directed verdict on the greater offense. Defendant could logically claim that such a mistake permitted jury compromise, thus denying him a fair trial.

led to the house of defendant's girlfriend. So long as the jury refused to believe defendant's explanations, it was free to convict him.

Affirmed, without prejudice to defendant's right to make a delayed motion for a new trial raising those issues we have refused to review.