PEOPLE v WISE

Docket No. 69725. Submitted January 12, 1984, at Detroit.—Decided
April 18, 1984. Leave to appeal applied for.

Defendant, Virgil L. Wise, was convicted following a jury trial in
Detroit Recorder's Court of breaking and entering with intent
to commit larceny and two counts of armed robbery. He was
acquitted on four counts of first-degree criminal sexual conduct.
The trial court, Vera Massey Jones, J., sentenced him to from
10 to 15 years imprisonment for the breaking and entering
conviction to be served concurrently with two concurrent terms
of from 25 to 50 years for the armed robbery convictions.
Defendant appeals alleging several errors. *Held:*

1. The testimony of one of the two victims clearly established

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 30 Am Jur 2d, Evidence §§ 1140-1142.
[3] 13 Am Jur 2d, Burglary §§ 11, 12.
[4] 13 Am Jur 2d, Burglary §§ 24, 41.
   50 Am Jur 2d, Larceny § 49.
[5] 21A Am Jur 2d, Criminal Law § 1007.
[6, 7] 13 Am Jur 2d, Burglary § 8 *et seq.*
   21 Am Jur 2d, Criminal Law §§ 266, 267, 269, 276, 277.
[7] 13 Am Jur 2d, Burglary § 24.
[8] 29 Am Jur 2d, Evidence § 523.
   75 Am Jur 2d, Trial § 91.
[9] 5 Am Jur 2d, Appeal and Error § 894.
[10-12] 21A Am Jur 2d, Criminal Law § 985.
[11, 18, 19] 5 Am Jur 2d, Appeal and Error §§ 624 *et seq.,* 896.
[11] 29 Am Jur 2d, Evidence § 582.
[12] 21 Am Jur 2d, Criminal Law §§ 269, 271.
[13, 14] 75 Am Jur 2d, Trial § 307 *et seq.*
   Propriety and effect of attack on opposing counsel during trial of a
   criminal case. 99 ALR2d 508.
[14] 29 Am Jur 2d, Evidence §§ 224-226.
[15] 75 Am Jur 2d, Trial §§ 193, 233.
[16] 75 Am Jur 2d, Trial §§ 281, 282, 305, 306.
[17] 75 Am Jur 2d, Trial § 251 *et seq.*
[18, 19] 5 Am Jur 2d, Appeal and Error §§ 778, 783.
[18] 75 Am Jur 2d, Trial § 317.
[19] 5 Am Jur 2d, Appeal and Error § 786.

the corpus delicti for the two armed robbery counts. The corpus delicti was adequately established for the breaking and entering count.

2. Defendant's convictions for both breaking and entering with intent to commit larceny and armed robbery did not constitute double jeopardy. The breaking and entering is completed once the burglar is inside the building. Therefore, any crimes he commits once inside the building are separate acts and convicting of both does not constitute double jeopardy. The Legislature intended that a defendant may be convicted and receive multiple punishment for both breaking and entering with intent to commit a felony and the completed felony where the evidence shows that the felony was committed after the breaking and entering.

3. No manifest injustice resulted from the trial court's references to the defendant's statement to the police as a confession. Defendant failed to object to such references.

4. No manifest injustice resulted from the trial court's instructions to the jury on aiding and abetting. Reading the instructions as a whole, the trial court properly instructed the jury. Defendant did not object to the instructions.

5. Defendant was not denied the effective assistance of counsel with respect to three of the four instances mentioned by the defendant. Because of the lack of an evidentiary record and because defendant failed to request a remand, the issue regarding the fourth alleged instance of ineffective assistance was waived on appeal.

6. A number of the prosecutor's remarks during the trial were highly improper. However, the defendant failed to object to any of these instances of prosecutorial misconduct in order to preserve the issue for appeal and did not request a mistrial. No manifest injustice resulted from the improper argument.

7. The trial court's statements prior to sentencing were not expressions of bias by the court. The trial court merely articulated a proper reason for the sentences it gave.

Affirmed.

1. CRIMINAL LAW — CORPUS DELICTI.

The identity of the perpetrator of a crime is not an element of the corpus delicti of the crime.

2. CRIMINAL LAW — EVIDENCE — CONFESSIONS — CORPUS DELICTI.

The prosecution must prove the corpus delicti of a crime before it may introduce evidence of the defendant's confession; however, the elements need not be proven beyond a reasonable doubt

since courts may draw reasonable inferences and weigh the probabilities; the evidence must show that the acts constituting the essential elements have been committed and that someone's criminality is responsible; the evidence adduced need only tend to show consistency with unlawfulness in causing the injury in question.

3. CRIMINAL LAW — BREAKING AND ENTERING — CORPUS DELICTI.

Any amount of force used to open a door or window to enter a building, no matter how slight, is sufficient to constitute a breaking for purposes of establishing the corpus delicti for a breaking and entering charge.

4. CRIMINAL LAW — COGNATE LESSER INCLUDED OFFENSES — LARCENY IN A BUILDING — BREAKING AND ENTERING WITH INTENT TO COMMIT LARCENY.

Larceny in a building is a cognate lesser included offense of breaking and entering with intent to commit larceny (MCL 750.110, 750.360; MSA 28.305, 28.592).

5. CRIMINAL LAW — COGNATE LESSER INCLUDED OFFENSES.

A cognate lesser included offense is a lesser offense of the same class or category, or closely related to the originally charged offense, so as to provide fair notice to the defendant that he will be required to defend against it; a jury may convict the defendant of a cognate lesser included offense even if that offense formed a separate criminal act where the facts sustain the conviction, the defendant has fair notice and the jury is properly instructed.

6. CRIMINAL LAW — BREAKING AND ENTERING — DOUBLE JEOPARDY.

The Legislature has clearly decided to punish for the crime of breaking and entering; such crime is not a continuing offense and is completed once the burglar is inside the building, therefore, any crimes he commits once inside the building are separate acts and convicting the defendant of both does not constitute double jeopardy.

7. CRIMINAL LAW — BREAKING AND ENTERING WITH INTENT TO COMMIT A FELONY — DOUBLE JEOPARDY.

The Legislature has intended that a defendant may be convicted of both breaking and entering with intent to commit a felony and the completed felony where the evidence shows that the felony was committed after the breaking and entering (MCL 750.110; MSA 28.305).

8. CRIMINAL LAW — EVIDENCE — CONFESSIONS.

A trial court should not refer to a defendant's statement to the police as a confession in the presence of the jury unless the statement admits guilt.

9. APPEAL — JURY INSTRUCTIONS.

The Court of Appeals will look to the entire jury instructions given by the trial court to resolve ambiguity contained in a particular jury instruction.

10. CRIMINAL LAW — ATTORNEY AND CLIENT — ASSISTANCE OF COUNSEL.

Trial counsel may be found to have acted ineffectively for purposes of a defendant's claim that he was denied the effective assistance of counsel either if he does not perform at least as well as a lawyer with ordinary training and skill in the criminal law or to conscientiously protect his client's interests unaffected by conflicting considerations, or if he makes a serious mistake but for which his client would have had a reasonably likely chance of acquittal.

11. CRIMINAL LAW — APPEAL — ASSISTANCE OF COUNSEL — PRESERVING QUESTIONS.

The Court of Appeals may determine that a defendant's claim regarding ineffective assistance of trial counsel as a result of defense counsel's failure to request a hearing to attempt to have the defendant's statement to the police declared involuntary has been waived on appeal where an evidentiary record regarding the complaint is lacking and the defendant has failed to request a remand.

12. TRIAL — CRIMINAL LAW — ASSISTANCE OF COUNSEL — TRIAL STRATEGY — CONCESSION OF GUILT ON LESSER OFFENSE.

Defense counsel may be found to have provided effective assistance of counsel in conceding the defendant's guilt on a lesser offense in the hope of winning acquittal on more serious charges where such trial strategy was consented to by the defendant; an on-the-record inquiry to see if the defendant consented to such a defense is preferable, but due process does not require it.

13. CRIMINAL LAW — PROSECUTORIAL COMMENT — VERACITY OF DEFENSE COUNSEL.

A prosecutor may not question defense counsel's veracity.

14. Criminal Law — Prosecuting Attorneys — Presumption of Innocence.

A prosecutor's argument that the defense counsel himself is intentionally trying to mislead the jury is in effect a statement that defense counsel does not believe his own client; such argument undermines the defendant's presumption of innocence and impermissibly shifts the focus from the evidence itself to the defense counsel's personality.

15. Criminal Law — Prosecutorial Comment — Appeal — Reversible Error.

The allowance of an otherwise improper argument by a prosecutor may be found not to constitute reversible error where such argument is made in response to an equally, or more, improper argument by defense counsel.

16. Criminal Law — Prosecutorial Comment — Witnesses.

A prosecutor may argue that a witness should be believed, however, it is improper for the prosecutor to appeal to the jury to sympathize with the victim of a crime.

17. Criminal Law — Prosecutorial Comment — Evidence.

A prosecutor may not argue facts not mentioned in evidence.

18. Criminal Law — Appeal — Preserving Question.

An objection is required to preserve issues regarding alleged instances of prosecutorial misconduct for appellate review; the Court of Appeals will not reverse unless a cautionary instruction could not have cured the prejudice.

19. Criminal Law — Appeal — Prosecutorial Misconduct — Request for Mistrial — Preserving Question.

The Court of Appeals will not reverse absent manifest injustice where the defendant objects to instances of prosecutorial misconduct and such objections are sustained but the defendant fails to request a mistrial; the Court of Appeals is less likely to find manifest injustice in such an instance where the evidence against the defendant is overwhelming.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

*Rose Mary C. Robinson,* for defendant on appeal.

Before: WAHLS, P.J., and R. M. MAHER and C. W. SIMON, JR.,* JJ.

R. M. MAHER, J. On September 22, 1982, defendant was convicted after a jury trial of breaking and entering with intent to commit larceny, MCL 750.110; MSA 28.305, and two counts of armed robbery, MCL 750.529; MSA 28.797. He was acquitted on four counts of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2).[1] He was subsequently sentenced to from 10 to 15 years imprisonment for breaking and entering concurrent with two concurrent terms of from 25 to 50 years for the armed robbery convictions. He appeals as of right.

Defendant first argues that the evidence against him for all three convictions was insufficient. Specifically, he claims that the corpus delicti was not adequately established. One of the two victims testified that while she and her husband were in bed in their home at about 2 a.m. on September 2, 1981, six people woke her up and stole some of her property at gunpoint. Because identity is not an element of the corpus delicti, *People v Harris,* 64 Mich App 503; 236 NW2d 118 (1975); *People v Randall,* 42 Mich App 187; 201 NW2d 292 (1972), this testimony clearly sufficiently established the corpus delicti for the two armed robbery counts.

Whether or not the corpus delicti was established for the breaking and entering count, however, is a more difficult question. The prosecution must prove the corpus delicti before being allowed to use the defendant's confession. *People v Zwierkowski,* 368 Mich 56; 117 NW2d 179 (1962). However, the elements need not be proven beyond a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] An eighth count, felony-firearm, MCL 750.227b; MSA 28.424(2), was dismissed during trial on the prosecution's motion.

reasonable doubt. *People v Trine,* 164 Mich 1; 129 NW 3 (1910). Courts may draw reasonable inferences and weigh the probabilities. *Peterson v Oceana Circuit Judge,* 243 Mich 215; 219 NW 934 (1928). The evidence must show that the acts constituting the essential elements have been committed and that someone's criminality is responsible. *People v Conklin,* 118 Mich App 90; 324 NW2d 537 (1982). In summary, "the evidence adduced need only tend to show consistency with unlawfulness in causing the injury in question". 1 Wharton, Criminal Evidence (13th ed), § 17, p 28.

In addition to the testimony related above, a police officer testified that within an hour or two of the robberies, he entered the house and noticed that the building's side door was unlocked and left open. In *People v Tiszae,* 23 Mich App 114; 178 NW2d 138 (1970), this Court found that the corpus delicti had been sufficiently established where the defendants were arrested in a store at 3:25 a.m. They had their guns drawn and the store's merchandise was scattered. One of the store's windows had been broken. Similar facts are found in *People v Lambo,* 8 Mich App 320; 154 NW2d 583 (1967).

The only element that could be contested here is the breaking. In Michigan, any amount of force used to open a door or window to enter the building, no matter how slight, is sufficient to constitute the breaking. *People v White,* 153 Mich 617; 117 NW 161 (1908); *People v Clark,* 88 Mich App 88; 276 NW2d 527 (1979). Although the victims might possibly have left the door to their house open, we find this extremely doubtful. It is highly unlikely that a person living in Detroit in the Six Mile-Conner area in 1981 would not at least have closed the doors before retiring to bed. Hence, we can reasonably infer under this case's facts that the

door was closed. Therefore, the corpus delicti was adequately established for the breaking and entering count.

Relying on *People v West,* 122 Mich App 517; 332 NW2d 517 (1983), *lv den* 418 Mich 909; 342 NW2d 522 (1984),[2] defendant next argues that his convictions for both breaking and entering with intent to commit larceny and armed robbery constitute double jeopardy.[3] Under the facts of its own case, *West* found double jeopardy where the defendant pled guilty to both breaking and entering with intent to commit larceny and larceny in a building:

"When larceny in a store is charged along with breaking and entering a store with the intent to commit a larceny, it is the completed larceny that is being used as the 'some circumstance reasonably leading to the conclusion that a larceny was intended'. The only factual evidence that defendant intended to commit a larceny when he broke and entered is his completed larceny. As such, the two convictions are based on proof of a single act. Under Michigan law, such proof cannot sustain double convictions." 122 Mich App 521-522.[4]

However, this analysis was recently rejected in *People v Wakeford,* 418 Mich 95, 110-111; 341 NW2d 68 (1983):

[2] Three justices would have granted leave to appeal.

[3] Citing the *Blockburger v United States,* 284 US 299, 304; 52 S Ct 180; 76 L Ed 306 (1932), test, the prosecution argues that defendant's double jeopardy rights have not been violated. Although convicting a defendant of both armed robbery and breaking and entering with intent to commit larceny is not double jeopardy under *Blockburger,* Michigan's analysis on this issue does not end with *Blockburger.* Even if the *Blockburger* test is satisfied, Michigan courts must then determine whether or not factual double jeopardy has arisen. *People v Wakeford,* 418 Mich 95; 341 NW2d 68 (1983); *People v Jankowski,* 408 Mich 79; 289 NW2d 674 (1980).

[4] *People v Stevens,* 130 Mich App 1; 343 NW2d 219 (1983), avoided the double jeopardy issue by finding sufficient evidence of the intent to commit the larceny independent of the completed larceny itself.

"[D]efendant's claim of factual double jeopardy depends not upon whether most or all of the same evidence was utilized to convict of both counts [charged], but whether the legislative intent or statutory purpose was that two convictions should result. To the extent certain language in *[People v Martin,* 398 Mich 303; 247 NW2d 303 (1976), *[People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977), and *[People v Jankowski,* 408 Mich 79; 289 NW2d 674 (1980)] suggests that the critical test is whether the defendant committed 'one single wrongful act', we specifically disavow that test. It is up to the Legislature, not this Court, to determine what constitutes a single offense. The so-called 'factual double jeopardy' doctrine simply asks whether the Legislature authorized multiple punishment under the circumstances."[5]

Therefore, we must determine whether or not the Legislature intended to allow multiple punishment for both the breaking and entering with intent to commit larceny and the subsequent larceny.

To a certain extent, only one criminal act (or transaction) is committed when a person breaks into a building and then steals something. His main intent is the larceny; the breaking and entering is usually merely the necessary prerequisite before he can accomplish the larceny. Accordingly, the breaking and entering can be viewed as a particular form of an attempted larceny in a building. See *People v Cavanaugh,* 127 Mich App 632, 637-638; 339 NW2d 509 (1983).

One of the main questions asked under the factual double jeopardy analysis Michigan uses is whether or not the one crime is a lesser included

---

[5] *Wakeford* specifically noted that some of the evidence may perform "double duty". 418 Mich 110. In fact, for example, there is no double jeopardy where the defendant is convicted of armed robbery and first-degree criminal sexual conduct (armed with a weapon) even though the same weapon is used to prove both offenses. *People v Beam,* 125 Mich App 289; 335 NW2d 684 (1983).

offense of the other. Double jeopardy can be found even if the one offense is merely a cognate lesser included offense of the other and not only a necessarily lesser included offense. *People v Carter,* 415 Mich 558, 584; 330 NW2d 314 (1982); *People v Wilder,* 411 Mich 328, 344; 308 NW2d 112 (1981). Larceny in a building is a cognate lesser included offense of breaking and entering with intent to commit larceny. *People v Brager,* 406 Mich 1004; 280 NW2d 826 (1979); *People v Kamin,* 405 Mich 482, 496; 275 NW2d 777 (1979).

But merely because under the facts of a particular case one offense is a cognate lesser included offense of another does not mean that factual double jeopardy will necessarily therefore be found. A cognate lesser included offense is a "lesser offense * * * of the same class or category, or closely related to the originally charged offense, so as to provide fair notice to the defendant that he will be required to defend against it * * *". *People v Ora Jones,* 395 Mich 379, 388; 236 NW2d 461 (1975). To a large extent, lesser included offense doctrine rests on the jury's mercy function. *People v Chamblis,* 395 Mich 408, 420-423; 236 NW2d 473 (1975). Therefore, provided that the facts would sustain a conviction and that the defendant had fair notice, if properly instructed, the jury could convict the defendant of a cognate lesser included offense even if that offense formed a separate criminal act. Consequently, the issue before us is still the Legislature's intent.[6]

---

[6] In both *Stewart (On Rehearing), supra,* and *Martin, supra,* the Supreme Court found double jeopardy where the facts relied on to show that the defendants had sold heroin were necessarily the same facts relied on to show that they also possessed heroin. Possession of heroin is clearly a lesser included offense of the sale of heroin. *Martin,* 398 Mich 307. Yet, in *Wakeford, supra,* the Supreme Court stated: "The Legislature may choose to impose multiple punishment for possession and sale by appropriately amending the statutes". 418 Mich 110, fn 13.

Because of the unique nature of breaking and entering, we find the legislative intent to permit double punishment. Some commentators have criticized breaking and entering as an unnecessary offense:

"The modern offense cannot be justified from its history. It cannot be rationalized as giving a recognized protection to citizens who have secured themselves in their homes, as was its ancestor, for the requirements of a breaking and entering of a dwelling house have been eroded. It cannot be justified any longer as protecting helpless citizens from the brigands who roam in the night, as the requirement that the acts occur in the nighttime is also vanishing. Nor is protection from serious crime a justification for the offense, for the intent requirement itself is beginning to be eroded.

"Burglary is in fact a rather unique type of attempt law, as all the required elements merely comprise a step taken toward the commission of some other offense. While such an approach might have filled a void in the law of attempts during an earlier period, the offense is no longer required to punish or deter such preliminary conduct. The law of attempts is now adequate to reach such conduct.

\* \* \*

"It is impossible to justify punishing a man so much more severely for attempting to commit a crime when the attempted goal is within some structure than we would for his completing the offense a few feet away. The best way to deal with the offense of burglary would be to abolish it. Modern laws of attempt would better serve in punishing the conduct, as this would better ensure a punishment rationally connected to the grievousness of the offense which was being attempted; an attempted petty theft would no longer be punishable as severely as an attempted murder".[7] LaFave & Scott,

[7] This distortion can be found in Michigan law. If a person, while walking along a public sidewalk, steals a pie on a window ledge but his hand does not enter the building, he is guilty of larceny under $100, a 90-day misdemeanor, MCL 750.356; MSA 28.588. However, if in stealing the pie he reaches into the building and pushes the

Criminal Law, § 96, pp 715-716.

Yet despite these considerations, breaking and entering as an offense still exists: "it [is] so imbedded in the laws and minds of legislatures that [to abolish it would be impossible]". LaFave & Scott, *supra,* p 716. Therefore, we conclude that the Legislature has clearly decided to punish for the crime of breaking and entering. Breaking and entering is not a continuing offense. It is completed once the burglar is inside the building. *People v Davenport,* 122 Mich App 159; 332 NW2d 443 (1982). Therefore, any crimes he commits once inside the building are separate acts and convicting of both does not constitute double jeopardy. *People v Petrella,* 124 Mich App 745, 765; 336 NW2d 761 (1983). See also *People v Tobey,* 401 Mich 141, 152, fn 15; 257 NW2d 537 (1977).

In *Carter, supra,* 415 Mich 586, the Supreme Court held that convicting a defendant of both conspiracy and aiding and abetting does not constitute double jeopardy:

"The conspiracy statute punishes the planning of the offense and focuses upon the alleged 'special dangers' resulting from group action. On the other hand, the aiding and abetting statute punishes the actual commission of the crime."

Likewise, in the present case, the breaking and entering statute punishes the particular type of attempt used to commit the substantive offense. The armed robbery statute punishes the substantive offense itself.

In *Wakeford, supra,* the Supreme Court ruled:

---

window open an extra inch, he is guilty of breaking and entering, a 15-year felony. MCL 750.110; MSA 28.305. See *White, supra.*

"When two offenses are separate and distinct, a * * * presumption in favor of multiple punishment may be drawn. * * * While that presumption may be rebutted, *e.g., Martin, supra,* and *Stewart, supra,* the legislative intent to authorize only a single conviction and punishment should * * * be 'clearly expressed'." 418 Mich 110, fn 14.

Consequently, we conclude that the Legislature has intended that a defendant may be convicted of both breaking and entering with intent to commit a felony and the completed felony where the evidence shows that the felony was committed after the breaking and entering.[8] This conclusion has been reached by other panels of this Court. *Petrella, supra; People v Joseph,* 114 Mich App 70; 318 NW2d 609 (1982), *lv den* 417 Mich 877 (1983); *People v Stinson,* 113 Mich App 719; 318 NW2d 513 (1982), *lv den* 417 Mich 957 (1983); *People v Armstrong,* 100 Mich App 423; 298 NW2d 752 (1980), *lv den* 412 Mich 865 (1981); *People v Flores,* 92 Mich App 130; 284 NW2d 510 (1979), *lv den* 407 Mich 932 (1979). Furthermore, the vast majority of jurisdictions have ruled that a defendant may be convicted of both burglary and the larceny.[9]

---

[8] A different situation occurs, however, if the defendant is charged with both breaking and entering with intent to commit criminal sexual conduct and first-degree criminal sexual conduct in the perpetration of a breaking and entering. There, the Legislature has intended only one prosecution: the evidence needed for the criminal sexual conduct charge necessarily requires proof of the underlying lesser included felony. *People v Peete,* 102 Mich App 34; 301 NW2d 53 (1980), *lv den* 411 Mich 962 (1981); *People v Swearington,* 84 Mich App 372; 269 NW2d 467 (1978). See also *People v Wilder,* 411 Mich 328; 308 NW2d 112 (1981).

[9] *E.g., Morgan v Devine,* 237 US 632; 35 S Ct 712; 59 L Ed 1153 (1915); *Mead v State,* 489 P2d 738 (Alas, 1971); *State v Hutton,* 87 Ariz 176; 349 P2d 187 (1960); *Whitted v State,* 187 Ark 285; 59 SW2d 597 (1933); *Wilson v State,* 24 Conn 57 (1855); *Estevez v State,* 313 So 2d 692 (Fla, 1975); *State v McCormick,* 100 Idaho 111; 594 P2d 149 (1979); *People v Andrae,* 305 Ill 530; 137 NE 496 (1922); *Elmore v State,* 269 Ind 532; 382 NE2d 893 (1978); *State v Turney,* 77 Iowa 269; 42 NW 190 (1889); *Easley v Commonwealth,* 320 SW2d 778 (Ky, 1958);

Defendant next argues that the trial court erred in referring to his statement to the police as a confession. Unless the statement admits guilt, a trial court should not refer to such a statement in the presence of the jury as a confession. *People v Cismadija,* 167 Mich 210, 214-215; 132 NW 489 (1911). However, although defendant did not admit to all of the elements of all of the offenses charged, what he admitted to strongly showed guilt. Furthermore, the trial court only twice referred to the statement as a confession, both times saying "confession or statement". Defendant also failed to object. We find no manifest injustice.

Defendant next argues that the trial court erred in giving the following instruction on aiding and abetting:

"Now, mere presence even with knowledge that an offense is planned or is being committed is insufficient to establish the defendant aided or assisted in the

*State v O'Banion,* 171 La 323; 131 So 34 (1930); *Williams v State,* 205 Md 470; 109 A2d 89 (1954); *State v Cline,* 477 SW2d 91 (Mo, 1972); *State v Hadley,* 205 Neb 412; 288 NW2d 37 (1980); *State v Byra,* 128 NJL 429; 26 A2d 702 (1942), *aff'd* 129 NJL 384; 30 A2d 49 (1943), *cert den* 324 US 884; 65 S Ct 1025; 89 L Ed 1434 (1945); *State v McAfee,* 78 NM 108; 428 P2d 647 (1967); *People v Baker,* 27 App Div 2d 269; 278 NYS2d 309 (1967), *aff'd* 19 NY2d 982; 281 NYS2d 527; 228 NE2d 695 (1967); *State v Revelle,* 301 NC 153; 270 SE2d 476 (1980); *Miles v Maxwell,* 1 Ohio St 2d 85; 204 NE2d 232 (1965); *Commonwealth ex rel Moszczynski v Ashe,* 343 Pa 102; 21 A2d 920 (1941); *Copeland v Manning,* 234 SC 510; 109 SE2d 361 (1959); *State v Davis,* 613 SW2d 218 (Tenn, 1981); *Johnson v State,* 126 Tex Cr Rpts 466; 72 SW2d 288 (1934); *State v Jones,* 13 Utah 2d 35; 368 P2d 262 (1962); *State v Beaman,* 143 Wash 281; 255 P 91 (1926).

*Contra, Wildman v State,* 42 Ala App 357; 165 So 2d 396 (1963), *cert den* 276 Ala 708; 165 So 2d 403 (1964) (relying on an Alabama statute requiring merger); *People v McFarland,* 58 Cal 2d 748; 26 Cal Rptr 473; 376 P2d 449 (1962); *State v Cloutier,* 286 Or 579; 596 P2d 1278 (1979). In *Maynes v State,* 169 Colo 186; 454 P2d 797 (1969), the court held that the defendant could be convicted of both but that the sentences must run concurrently. Along a similar vein, the court in *Robinson v Commonwealth,* 190 Va 134; 56 SE2d 367 (1949), held that the defendant could be given only one sentence though he could still be convicted of both crimes.

commission of the crime. An aider or abettor is criminally responsible for the acts of his principals when he knows the actual perpetrators have the required intent to commit the crimes that occurred."

The second sentence taken by itself could be misleading. It tends to say that mere knowledge that the principals have the required intent is sufficient to convict. However, defendant failed to object. Once again, we find no manifest injustice. The statement complained of is ambiguous. Although by itself it possibly allows a conviction based on mere knowledge, it does not clearly permit a jury to do so. When a particular jury instruction is ambiguous, this Court will look at the entire jury instructions to resolve the ambiguity. *People v Beard,* 78 Mich App 636, 639; 261 NW2d 27 (1977), *lv den* 402 Mich 930 (1978). Just before giving this instruction, the trial court gave CJI 8:1:03. Later, it instructed that aiding and abetting requires specific intent. Reading the instructions as a whole, the trial court properly instructed the jury.

Defendant next argues that the trial court erred in failing *sua sponte* to instruct on defendant's theory of the case. To the extent that the trial court failed to do this, we reject defendant's argument for the reasons expressed in *People v Peery,* 119 Mich App 207; 326 NW2d 451 (1982), *lv den* 417 Mich 1018 (1983).

Defendant next argues that he was denied the effective assistance of counsel. First, he complains that defense counsel failed to request a hearing pursuant to *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965), to attempt to have his statement to the police declared involuntary. However, not every such failure necessarily constitutes ineffective assistance of counsel. Counsel acts ineffectively either if he does not perform at least

as well as a lawyer with ordinary training and skill in the criminal law or to conscientiously protect his client's interests unaffected by conflicting considerations, or if he makes a serious mistake but for which his client would have had a reasonably likely chance of acquittal. *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976); *People v Caldwell,* 122 Mich App 618; 333 NW2d 105 (1983). In the present case, we neither know why defense counsel failed to file the appropriate motion nor how successful such a motion would have been. Because of this lack of an evidentiary record and because defendant has failed to request a remand, this issue has been waived on appeal. *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973); *People v Lawson,* 124 Mich App 371; 335 NW2d 43 (1983).

Second, during opening statement, defense counsel stated the following:

"In representing this defendant, we will show you, ladies and gentlemen of the jury, and my client will admit to a conspiracy and a breaking and entering of the premises involved herein."

Even if the evidence is overwhelming, defense counsel will often not be allowed to argue the functional equivalent of a guilty plea to the highest possible charges absent any evidence on the record that defendant consented to this tactic. *People v Fisher,* 119 Mich App 445; 326 NW2d 537 (1982); *People v Schultz,* 85 Mich App 527; 271 NW2d 305 (1978); *Mullins v Evans,* 473 F Supp 1321 (D Colo, 1979), *aff'd* 622 F2d 504 (CA 10, 1980).

However, "[u]nder our adversary system, once a defendant has the assistance of counsel the vast array of trial decisions, strategic and tactical,

which must be made before and during trial rests with the accused and his attorney". *Estelle v Williams,* 425 US 501, 512; 96 S Ct 1691, 1697; 48 L Ed 2d 126, 135 (1976). Legitimate trial strategy will not be second-guessed. *People v Lotter,* 103 Mich App 386; 302 NW2d 879 (1981), *lv den* 412 Mich 852 (1981). Accordingly, arguing that the defendant is merely guilty of the lesser offense is not ineffective assistance of counsel. *People v Fabian,* 77 Mich App 52; 257 NW2d 673 (1977), *lv den* 402 Mich 862 (1978); *People v Atkins,* 81 Ill App 3d 661; 37 Ill Dec 493; 402 NE2d 383 (1980). Where defense counsel in opening statement recognizes and candidly asserts the inevitable, he is often serving his client's interests best by bringing out the damaging information and thus lessening the impact. *State v Gray,* 601 P2d 918 (Utah, 1979). In light of defendant's confession to the police that he had committed the breaking and entering and had been present during the rapes and armed robbery, defendant's credibility would have been lost if he had testified denying any involvement at all. Since defendant was going to admit his complicity in the breaking and entering, while testifying, defense counsel merely conceded the obvious and used a permissible trial tactic. In fact, it was somewhat successful. Defendant was acquitted of four of the seven charges. In *United States v Trapnell,* 638 F2d 1016 (CA 7, 1980), the defendant was charged with conspiracy to escape, attempted escape, air piracy and kidnapping. His defense counsel argued that the evidence showed that the defendant was guilty of conspiracy to escape and attempted escape but not of air piracy and kidnapping. In rejecting the ineffectiveness claim, the court stated:

"This tactic of admitting what the evidence strongly

demonstrates at the same time as denying other elements or other crimes before the jury is also familiar to this court and we find no error in counsel's use of the tactic." 638 F2d 1028.

In *Fisher, supra,* this Court ruled,

"If a defendant who has pled not guilty wishes to admit his guilt, his attorney should bring his wish to the attention of the trial court so that defendant can be questioned personally. Defendant's plea of not guilty should not leave him with fewer safeguards than he would have had if he had tendered a guilty plea." 119 Mich App 449.

A similar requirement was established in *Earl Wiley v Sowders,* 647 F2d 642, 650 (CA 6, 1981), *cert den* 454 US 1091; 102 S Ct 656; 70 L Ed 2d 630 (1981). However, in both of these cases, the defense lawyers conceded guilt on the most serious charges. To the extent that this requirement applies where defense counsel concedes guilt on a lesser offense hoping to win acquittal on the more serious charges, it has been satisfied in the present case. In *Elmer Wiley v Sowders,* 669 F2d 386 (CA 6, 1982), the prosecution presented the defendant's trial counsel's affidavit on appeal stating that the defendant had consented to the tactic of admitting guilt but asking for mercy. Although an on-the-record inquiry to see if the defendant consented to such a defense is preferable, due process does not require it. 669 F2d 389. In *Elmer Wiley,* the court remanded for an evidentiary hearing because the defendant on appeal contested his trial counsel's affidavit.

In the present case, defendant, while testifying, admitted to the breaking and entering. Therefore, the record clearly shows his consent to his trial attorney's tactics.

Third, defendant claims that defense counsel prejudiced his case by referring to his statement to the police as a confession in front of the jury. However, because we have already ruled that defendant's statement was in fact a confession, we find no ineffective assistance of counsel on this point.

Fourth, defendant claims that defense counsel should have requested a directed verdict on the breaking and entering count. He argues that the corpus delicti was not adequately established. However, we have ruled that it in fact was adequately established. Therefore, there is no ineffective assistance of counsel. *People v Ulister Smith,* 124 Mich App 695; 335 NW2d 127 (1983).

Defendant next argues that he was denied a fair trial due to prosecutorial misconduct. We agree that a number of the prosecutor's remarks were highly improper.

### (1) *Attacks on Defense Counsel*

During closing rebuttal argument, the prosecutor stated:

"In all due respect, and for all his years, *he is not a very candid person* because he hasn't talked about the evidence. He hasn't talked about statements that he made to you, he hasn't talked about his client getting upon the stand and telling you the woman was sexually assaulted. But he will come right back and wave this doctor's report at you and say subtly, saying she wasn't sexually assaulted or it would be here. *That is not a candid person.* Regardless of what you may think of Mike King using profanity, he was not a candid person. His client was not a candid person either. *If you believe Mr. Parzens and his client, ladies and gentlemen, the patients are in charge of the hospital.* And let me use an illustration. You tell a friend of yours after jury duty, you tell them about the testimony, the unequivocable testimony. Would you

have the nerve to tell you friend that based upon that testimony—.

*"The Court:* Mr. King, this Court will not permit you to state that.

\* \* \*

*"But one of the most important things that you have a right to ask of attorneys, whether it is the prosecutor or the defense attorney, you have a right to ask them to be candid with you. And you haven't heard that from Mr. Parzens. When you think about Mr. Parzens' closing statement and some statements he made in there, when you think about the testimony you can come to only one conclusion, he intentionally misled you or you were at a different trial listening to different testimony.*

\* \* \*

"Mr. Parzens told you that hey, you know they didn't find any sperm, therefore, she wasn't sexually assaulted. And that, ladies and gentlemen, I apologize for that, and I don't care if he's been around here for 50 or more years.

\* \* \*

"Now, Mr. Parzens may try to confuse you regarding the law." (Emphasis added.)

On appeal, the prosecution argues that this argument was proper because "the prosecutor's comments were not directed at defense counsel personally, but rather at the argument that he made. In fact defense counsel was not very candid about his review of the evidence". Even though defendant had testified that some of the men (though not he himself) who had entered the house had sexual intercourse with the complainant, defense counsel had stressed in closing argument the doctor's report which had stated that an examination had failed to find any sperm. However, the prosecutor's argument cannot be labelled as merely permissibly responding to defense counsel's argument. The prosecutor may not question de-

fense counsel's veracity. *People v Bairefoot,* 117 Mich App 225, 230; 323 NW2d 302 (1982); *Adams v State,* 192 So 2d 762 (Fla, 1966); *Jackson v State,* 41 So 2d 15 (Fla App, 1982). See also *People v Hill,* 258 Mich 79, 88; 241 NW 873 (1932). When the prosecutor argues that the defense counsel himself is intentionally trying to mislead the jury, he is in effect stating that defense counsel does not believe his own client. This argument undermines the defendant's presumption of innocence. *Commonwealth v Long,* 258 Pa Super 312; 392 A2d 810 (1978). Such an argument impermissibly shifts the focus from the evidence itself to the defense counsel's personality.

### (2) *Civic Duty Argument*

During rebuttal closing argument, the prosecution stated:

> "*Mr. King:* Now, I wasn't around when Franklin Delano Roosevelt said we have nothing to fear but fear itself, nor was I around when a person by the name of Adam Berg, an English philosopher said for evil to succeed good people must do nothing. And that's exactly what Mr. Parzens is asking you to do, is to do nothing. He is telling you about a criminal justice system. *Based upon the testimony, ladies and gentlemen, if you don't find him guilty of robbery armed, criminal sexual conduct, we don't have any criminal justice system.* And the testimony is only as good as the people that are involved in the system. If you have good people operating a system you are going to get a good result. And if you don't have good people operating the system you are not going to get a good result." (Emphasis added.)

This argument was clearly improper. *People v Wright (On Remand),* 99 Mich App 801; 298 NW2d 857 (1980), *lv den* 410 Mich 854 (1980); *People v Farrar,* 36 Mich App 294; 193 NW2d 363 (1971).

On appeal, the prosecution argues that its argument at trial directly responded to defendant's closing argument. The allowance of otherwise improper argument is often not reversible error when made in response to a defendant's argument. *People v Duncan,* 402 Mich 1, 16; 260 NW2d 58 (1977); *People v Allen,* 351 Mich 535; 88 NW2d 433 (1958); *People v Mills,* 94 Mich 630; 54 NW 488 (1893). In the present case, defense counsel did state: "A good many years ago * * * one of our greatest Presidents said the only thing we have to fear is fear itself. Remember that? Some 50 years ago, 50 years. The only thing we have to fear in this case is prejudice." He then asked the jury not to consider the amount of crime in the community but to consider the case on its facts alone. He also stated: "if our criminal justice system is to prevail, God, I don't want to be here if it doesn't". But, he then told the jury to find guilt only based on the facts and to follow the judge's instructions on the law. These arguments were proper.

Even though a prosecutor may argue matters which are otherwise improper if made in response to a defense counsel's argument, he is not therefore given license to argue any improper matter. For this Court to condone an improper argument by the prosecutor, it must be made in response to an equally (or more) improper argument by defense counsel. In *People v Meir,* 67 Mich App 534, 536; 241 NW2d 280 (1976), the defense counsel appealed to the jury's sympathy by arguing that the Controlled Substances Act was not meant to punish small time users like the defendant but rather the big time pushers. In response, the prosecution asked the jury "how the defendant had ever benefited the community except by his delivery of heroin". He then told the jurors that the

defendant would eventually have to sell heroin to their children to support his habit. This Court reversed, ruling that a prosecutor may not "respond" to a proper argument with an improper one. See also *People v Franszkiewicz,* 302 Mich 144, 152-153; 4 NW2d 500 (1942).

(3) *Sympathy for the Victim*

During the prosecutor's first closing argument, he stated:

"You are going to believe [the rape victim]. And why were you going to believe [her] is because when you come in here with your common sense and a person starts talking about a victim of a crime, the first thing you ask yourself is where was this person. And when you hear she was in bed in the early morning hours with her husband—I hate to sound like—but she had bad luck. Was she doing anything wrong? She certainly wasn't. What was her motive? Her motive is to come in here and tell you what happened at 2 a.m. in the morning. That's her motive. And why? Because she wants justice."

A prosecutor may argue that a witness should be believed. *People v Jones,* 60 Mich App 681; 233 NW2d 22 (1975). In the present case he could ask the jury why the rape victim would make up a story about being raped by four men at 2 a.m. in her home. He could also properly point out the large amount of evidence that corroborated her story. However, the argument the prosecutor used is little more than an appeal to the jury to sympathize with the victim. This type of argument is improper. *People v Leverette,* 112 Mich App 142, 151; 315 NW2d 876 (1982).

(4) *Distorting Defendant's Testimony*

During rebuttal closing argument, the prosecutor stated:

"But one of the most constructive things though, is when you heard the defendant testify under cross-examination. You had to come to the conclusion that he is intelligent and he is cagey, but even admits to you a good principle of law, hey, if my buddies is inside the store robbing somebody and I'm in the car, I'm as guilty as my buddy. Even he recognizes that principle, that is the principle of law I have asked you more than five times to recognize."

That was not defendant's testimony. Instead, he testified that, if he helped someone else commit a robbery, he would expect to receive part of the proceeds—even if he did not hold the gun. A prosecutor may not argue facts not mentioned in evidence. *People v Partee,* 410 Mich 871 (1980); *People v Knolton,* 86 Mich App 424; 272 NW2d 669 (1978), *lv den* 406 Mich 885 (1979).

However, defendant failed to object to any of these instances of prosecutorial misconduct.[10] An objection is required to preserve this issue for appeal. *People v Cleveland,* 295 Mich 139; 294 NW 124 (1940); *People v Lasenby,* 107 Mich App 462; 309 NW2d 572 (1981); *People v Hogan,* 105 Mich App 473; 307 NW2d 72 (1981), *lv den* 413 Mich 937 (1982). This Court will not reverse unless a cautionary instruction could not have cured the prejudice. *People v Humphreys,* 24 Mich App 411; 180 NW2d 328 (1970). Even if defendant had objected (and the objection was sustained), where defendant has failed to request a mistrial, this Court will not reverse absent manifest injustice. *People v Brocato,* 17 Mich App 277; 169 NW2d 483 (1969).

---

[10] Defendant alleged three other instances of prosecutorial misconduct during closing arguments. When read in their context, allowing statements calling defendant "cagey", "a coward", and "pretty greedy" was not error requiring reversal absent an objection.

The other two instances were nonobjectionable. The prosecutor neither distorted the law on aiding and abetting nor appealed to the jury to support the police by convicting defendant.

Although we find the case very close, we decline to reverse. Defendant admitted both in his confession and testimony all the elements necessary for breaking and entering. Furthermore, the only armed robbery element he completely contested was the taking. However, the prosecution presented strong and uncontested evidence that a taking did occur. One of the six robbers was found directly outside the house immediately after the robbery with some of the victim's property in his pocket. We are less likely to find manifest injustice where the evidence is overwhelming. *People v Peck,* 147 Mich 84; 110 NW 495 (1907); *Peery, supra; People v Eaton,* 114 Mich App 330; 319 NW2d 344 (1982), *lv den* 417 Mich 929 (1983). Because defendant admitted to practically all of the charges, in this case, we do not find reversible error. *Motes v United States,* 178 US 458; 20 S Ct 993; 44 L Ed 1150 (1900); *People v Bolton,* 23 Cal 3d 208; 152 Cal Rptr 141; 589 P2d 396 (1979).

Defendant last argues that he is entitled to a resentencing because the trial court stated the following just before sentencing him:

"Anybody who breaks into my house at 2 or 3 or 4 o'clock in the morning knowing that I am in bed is assaultive when they come in there to take whatever it is I have, whether it is 50 cents or $500."

Defendant argues that this statement showed bias. However, it was preceded by:

"I have read the presentence report and as I understand it, Mr. Wise and his family keeps telling in the probation department that he is not an assaultive person".

It was followed by:

"And especially when you break in with five other individuals as Mr. Wise says, obviously he intended to take whatever by force because you knew I was there. In this instance the testimony was that guns were held to the head of these persons, their house was ransacked and other physical damage was done to them."

Rather than expressing bias, the trial court merely articulated a proper reason for the sentence it gave. See *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

Affirmed.