# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CAROL SUE KUSK,

        Defendant-Appellant.

UNPUBLISHED
February 11, 2016

No.  324107
Oakland Circuit Court
LC No.  2014-249495-FH

Before:  RONAYNE KRAUSE, P.J., and MARKEY and M. J. KELLY, JJ.

M. J. KELLY, J.  (*dissenting*).

Because I believe that defendant was not deprived of the effective assistance of counsel, I respectfully dissent.

Before the selection of the jury, the prosecutor moved to amend the general information to add a count of felony firearm.  Defendant objected and the court granted the motion. Immediately prior to the motion, the court asked defense counsel, "Your client understands that if the prosecutor amends and she's found guilty, she's going to spend a minimum of two years in state prison?"  Defense counsel and defendant acknowledged this on the record, in addition to her rejection of the prosecutor's plea offer.

The case thus proceeded to trial with defendant facing three counts: two felonies (felonious assault and felony firearm) and one misdemeanor (domestic assault).  In his opening statement, it was clear that defense counsel focused his defense on the far more serious charges involving the gun:

> The boyfriend will tell you that when he saw her -- my client with a gun he was in the process of moving Lindsey, her belongings, and her children out. He wasn't in the living room, he saw her in the living room; Lindsey was nowhere near the place.
>
> In order to threaten somebody with an object you obviously have to be in the same place.  He's going to testify he saw the gun in her hand.  It was pointed straight down at the floor.  She wasn't waiving it around.  She wasn't making any threats with the gun.  Most importantly, she wasn't pointing it at anybody.  It's that simple.

Likewise, most of his closing argument was devoted to challenging the felonies.

The majority is correct in that we are limited in this review to mistakes apparent on the record. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). But where I believe the majority is in error is that they do not give enough deference to the range of possible reasons that defense counsel may have had for proceeding as he did. As we stated in *People v Gioglio (On Remand)*, 296 Mich App 12, 21-23; 815 NW2d 589 (2012), remanded for resentencing 493 Mich 864, courts must indulge a strong presumption that defense counsel acted reasonably:

> The *Strickland* test recognizes that the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." [*Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984)]. To establish a claim of ineffective assistance of counsel, the defendant must show that "counsel's representation fell below an objective standard of reasonableness" under prevailing professional norms and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694.

> The first prong of this test requires the defendant to identify those acts or omissions of counsel that the defendant alleges were not the result of reasonable professional judgment. *Id.* at 690. The reviewing court must then determine whether "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* Because there are countless ways to provide effective assistance in any given case, in reviewing a claim that counsel was ineffective courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Reviewing courts are not only required to give counsel the benefit of the doubt with this presumption, they are required to affirmatively entertain the range of possible" reasons that counsel may have had for proceeding as he or she did. *Cullen v Pinholster*, 563 US ___; 131 S Ct 1388, 1407; 179 L Ed 2d 557 (2011). That inquiry is objective; although the reviewing court may not engage in a post hoc rationalization of the counsel's decision-making that contradicts the available evidence, neither may courts insist that counsel confirm every aspect of the strategic basis for his or her actions. *Harrington v Richter*, 562 US ___; 131 S Ct 770, 790; 178 L Ed 2d 624 (2011). Accordingly, a reviewing court must conclude that the act or omission of the defendant's trial counsel fell within the range of reasonable professional conduct if, after affirmatively entertaining the range of possible reasons for the act or omission under the facts known to the reviewing court, there might have been a legitimate strategic reason for the act or omission. *Pinholster*, 563 US at ___; 131 S Ct at 1407; see, e.g., *People v Vaughn*, 291 Mich App 183, 197; 804 NW2d 764 (2010) (explaining that there were several valid reasons why the defendant's trial counsel might not have objected to the trial court's decision to close the courtroom during jury voir dire and concluding on that basis that the defendant had failed to overcome the presumption that his trial counsel's decision was a matter of sound trial strategy).

Defense counsel was successful in gaining acquittals of the two felonies that would have landed his client in prison. His client was not a particularly good witness. It was apparent from the record that she was hostile at times, admitted she had been drinking, accused not only the victim, but every investigating police officer of being a liar and apparently was threatening to sue the officers during her arrest. It may well be that defense counsel chose not to place more emphasis on self-defense for fear that, if the jury acquitted her of domestic violence, they might have convicted her of the more serious charges. There was also testimony from the victim that defendant attacked her on three separate occasions and that, although defendant testified that she was defending herself in the first round, she denied that the subsequent rounds ever occurred. There was also testimony that defendant was the initial aggressor. Under the circumstances, defense counsel might reasonably have determined that too much emphasis on a weaker claim of self-defense could jeopardize his efforts to refute the more serious charges. See *People v Wise*, 134 Mich App 82, 97-99; 351 NW2d 255 (1984) (stating that it may be legitimate trial strategy to admit that the defendant committed a less serious crime).

It may well be that other defense counsel would have chosen to ask for an instruction on self-defense in this case. But on this record, I cannot say that the decision of counsel in this action fell below an objective standard of reasonableness and that there was not a strategic reason for doing so. Consequently, I would affirm.

/s/ Michael J. Kelly