PEOPLE V KUSK, No. 153315; Court of Appeals No. 324107. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals. As noted by dissenting Judge Michael J. Kelly, the defendant's attorney did not perform ineffectively at trial by failing to request a self-defense jury instruction. There was testimony that the defendant was the initial aggressor; thus, counsel may have

made a legitimate strategic decision that self-defense was not a viable defense theory. See *People v Riddle*, 467 Mich 116 (2002). The defendant's trial counsel pursued a theory focused on arguing the defendant's innocence of the felony charges of felonious assault and felony-firearm. This strategy was successful in that the defendant was acquitted of these offenses and was convicted only of the misdemeanor offense of domestic assault. MCL 750.81(2). This was a legitimate trial strategy. See *Florida v Nixon*, 543 US 175, 185-192; 125 S Ct 551; 160 L Ed 2d 565 (2004); *People v Wise*, 134 Mich App 82, 97-99 (1984). We reinstate the defendant's conviction and sentence.