PEOPLE v FISHER

Docket No. 59977. Submitted July 14, 1982, at Lansing.—Decided
    September 9, 1982.

    Todd Fisher was found guilty of three counts of assault with
    intent to commit murder and one count each of armed robbery,
    assault with intent to rob and steal being armed and second-
    degree criminal sexual conduct, but mentally ill, Recorder's
    Court of Detroit, John Patrick O'Brien, J. Defendant appealed,
    alleging ineffective assistance of counsel. At closing argument,
    defendant's counsel made the following statement. "We are not
    claiming or asking this court to return a verdict of not guilty
    by reason of insanity. I wouldn't have the temerity to stand
    here and ask for that. We're not asking that he go free. We
    suggest that the court find him guilty but mentally ill on such
    counts that the court feels." *Held:*

        A defendant is denied the effective assistance of counsel
    where his attorney, without his consent, stipulates to facts
    which amount to the functional equivalent of a guilty plea.
    Here, for this purpose, a plea of guilty but mentally ill is the
    functional equivalent of a guilty plea.

        Reversed and remanded.

CRIMINAL LAW — ASSISTANCE OF COUNSEL.

    A defendant is denied the effective assistance of counsel where
    his attorney, without his consent, stipulates to facts which
    amount to the functional equivalent of a guilty plea; for this
    purpose, a plea of guilty but mentally ill is the functional
    equivalent of a guilty plea.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-

REFERENCES FOR POINTS IN HEADNOTE
21A Am Jur 2d, Criminal Law § 985.
Adequacy of defense counsel's representation of criminal client
    regarding incompetency, insanity, and related issues. 17 ALR4th
    575.

cipal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Balfour Peisner,* for defendant on appeal.

Before: BRONSON, P.J., and R. M. MAHER and M. WARSHAWSKY,* JJ.

PER CURIAM. Defendant was convicted of three counts of assault with intent to commit murder, MCL 750.83; MSA 28.278, and one count each of armed robbery, MCL 750.529; MSA 28.797, assault with intent to rob and steal being armed, MCL 750.89; MSA 28.284, and second-degree criminal sexual conduct, MCL 750.520c(1)(e); MSA 28.788(3)(1)(e). Defendant was found guilty but mentally ill by the trial judge, sitting as trier of fact. Defendant was sentenced to five[1] concurrent 9-1/2 to 20-year prison terms and appeals his convictions by right.

On appeal, we only address defendant's claim that he was denied effective assistance of counsel when his attorney made the following statement in closing argument:

"We are not claiming or asking this court to return a verdict of not guilty by reason of insanity. I wouldn't have the temerity to stand here and ask for that. We're not asking that he go free. We suggest that the court find him guilty but mentally ill on such counts that the court feels."

We view this argument as the functional equivalent of a plea of guilty to five of the six felony charges against defendant.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Defendant was not sentenced on the CSC conviction; this may have been an oversight.

A similar factual situation was analyzed in *Wiley v Sowders,* 647 F2d 642, 648-651 (CA 6, 1981):

"The decision to plead 'guilty' or 'not guilty' is a decision reserved solely for the accused based on his intelligent and voluntary choice. The defendant's decision to plead guilty cannot be presumed from the plea itself in the context of an otherwise silent record. Instead, the trial court must make an on the record inquiry of the defendant to insure that the defendant's plea is voluntary and intelligent. Similarly, an attorney may not admit his client's guilt which is contrary to his client's earlier entered plea of 'not guilty' unless the defendant unequivocally understands the consequences of the admission. Counsel may believe it tactically wise to stipulate to a particular element of a charge or to issues of proof. However, an attorney may not stipulate to facts which amount to the 'functional equivalent' of a guilty plea.

\* \* \*

"Counsel's argument represented the precise admission which the defendant rejected in making his earlier plea of 'not guilty.' Counsel made his remarks with knowledge of petitioner's earlier 'not guilty' plea, and without petitioner's consent.

"A plea of 'not guilty' has at least two dimensions recognizable by this court. First, in pleading 'not guilty' a defendant reserves *in toto* those constitutional rights fundamental to a fair trial. Included in this category of constitutional rights is the accused's right to trial by jury, his privilege against self-incrimination, and his right to confront his accusers. Second, in pleading 'not guilty,' a defendant exercises his right to make a statement in open court that he intends to hold the government to strict proof beyond a reasonable doubt as to the offense charged.

"Unquestionably, the constitutional right of a criminal defendant to plead 'not guilty,' or perhaps more accurately not to plead guilty, entails the obligation of his attorney to structure the trial of the case around his client's plea. We, therefore, hold that petitioner was deprived of effective assistance of counsel when his own

lawyer admitted his client's guilt, without first obtaining his client's consent to this strategy. In those rare cases where counsel advises his client that the latter's guilt should be admitted, the client's knowing consent to such trial strategy must appear outside the presence of the jury on the trial record in the manner consistent with *Boykin, supra.*

Although statements made by attorneys in closing arguments are not evidence, nevertheless, for all practical purposes, counsel's admission of guilt on behalf of his client denied to petitioner his constitutional right to have his guilt or innocence decided by the jury. Petitioner, in pleading not guilty, was entitled to have the issue of his guilt or innocence presented to the jury as an adversarial issue. Counsel's complete concession of petitioner's guilt nullified the adversarial quality of this fundamental issue.

\* \* \*

"A criminal defendant has a constitutional right to expect during trial that his attorney will, at all times, support him, never desert him, and will perform with reasonable competence and diligence." (Footnote and citations omitted.)

See also *Commonwealth v Lane,* 476 Pa 258; 382 A2d 460 (1978); *People v Duke,* 58 App Div 2d 31; 395 NYS2d 200 (1977); *People v Carter,* 41 Ill App 3d 425; 354 NE2d 482 (1976); *People v Redmond,* 50 Ill 2d 313; 278 NE2d 766 (1972).

Defendant pled not guilty and testified in support of his insanity defense. Nothing in the record indicates that he later knowingly and voluntarily chose to claim he was guilty but mentally ill.

The trial judge may accept a plea of guilty but mentally ill in lieu of a plea of guilty or a plea of nolo contendere. MCL 768.36(2); MSA 28.1059(2). This Court described a plea of guilty but mentally ill in *People v Long,* 86 Mich App 676, 683-684; 273 NW2d 519 (1978):

"Assuming that a plea's elements are the same as those of a jury verdict or bench trial finding, it is obvious that, with regard to the required findings, a plea of guilty but mentally ill is distinguished from a plea of guilty only by the additional element of mental illness.

"Indeed, upon close inspection it appears that the label of the plea (or verdict, or finding) is somewhat of a misnomer. To a layperson, 'guilty *but* mentally ill' may suggest that the culpability, and hence the punishment, attending the finding of 'guilty' is mitigated by the finding of 'mentally ill'. However, the statute explicitly provides that,

" 'If a defendant is found guilty but mentally ill or enters a plea to that effect which is accepted by the court, the court shall impose any sentence which could be imposed pursuant to law upon a defendant who is convicted of the same offense.' MCL 768.36(3); MSA 28.1059(3).

"The statute further provides that a defendant found 'guilty but mentally ill' may have continued treatment at a mental institution made a condition of parole or probation. MCL 768.36(3), (4); MSA 28.1059(3), (4). In sum, the finding of 'mentally ill' can only serve to aggravate rather than mitigate the restraints on a convicted defendant's liberty. The plea, verdict, or finding would more aptly be 'guilty and mentally ill'. *In its substance, and in its penal consequences, a plea of guilty but mentally ill is a guilty plea."* (Emphasis added.)

If a defendant who has pled not guilty wishes to admit his guilt, his attorney should bring his wish to the attention of the trial court so that defendant can be questioned personally. Defendant's plea of not guilty should not leave him with fewer safeguards than he would have had if he had tendered a guilty plea. Where no attempt has been made to offer a plea of guilty but mentally ill, to argue that one's client is guilty but mentally ill is not a permissible trial tactic.

Defense counsel must perform at least as well as a lawyer with ordinary skill and training in the criminal law and must conscientiously protect his client's interests undeflected by conflicting considerations. *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976). As a whole, trial counsel performed competently. In his closing argument, however, he did not protect his client's interests as embodied in the plea of not guilty. The constitutional guarantee of the right to counsel at trial requires, as a minimum, that the defendant's interests be represented by counsel until the trial is over.

Reversed and remanded for a new trial.