## PEOPLE v KRYSZTOPANIEC

Docket No. 97972. Submitted May 18, 1988, at Detroit. Decided August 15, 1988.

Andrew Krysztopaniec was charged in the Recorder's Court for the City of Detroit with possession with intent to deliver 50 grams or more, but less than 225 grams, of cocaine and possession with intent to deliver marijuana. Following a bench trial, the trial court, Leonard Townsend, J., found defendant guilty of possession with intent to deliver less than fifty grams of cocaine and possession with intent to deliver marijuana. Defendant was sentenced to concurrent terms of from seven to twenty years in prison for the cocaine conviction and two to four years for the marijuana conviction. Defendant appealed.

The Court of Appeals *held:*

1. Defense counsel's closing argument did not amount to a concession of guilt. Defendant was not deprived of the effective assistance of counsel.

2. The trial court did not abuse its discretion in denying defendant's motion for a continuance so that trial counsel could withdraw as counsel and testify at trial and so that substitute counsel, who was in another trial and unavailable, could be present. Defendant was not denied the opportunity to present a defense or to have counsel of his own choosing.

3. The trial court's sentence for the cocaine conviction was not premised on a finding of guilt as to the charged offense. The trial court's departure from the sentencing guidelines range did not constitute an abuse of discretion.

Affirmed.

Hood, P.J., dissented. He would hold that defendant was denied effective assistance of counsel, that the trial court committed error requiring reversal in refusing to allow trial counsel to withdraw so that she could testify, and that defendant was deprived of the opportunity to present his defense. He would, at the very least, remand for resentencing before an-

### REFERENCES

Am Jur 2d, Criminal Law §§ 525 *et seq.,* 732 *et seq.*

Adequacy of defense counsel's representation of criminal client regarding argument. 6 ALR4th 16.

other judge based on a belief that the trial judge considered the charged offense in sentencing the defendant.

1. CRIMINAL LAW — ASSISTANCE OF COUNSEL.

A bifurcated test is used for ineffective assistance of counsel claims under the state constitution: first, defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law; second, even though the first test is satisfied, counsel must not make a serious mistake but for which the defendant would have had a reasonably likely chance of acquittal.

2. CRIMINAL LAW — ASSISTANCE OF COUNSEL.

Trial counsel is presumed to have afforded effective assistance; the presumption can only be overcome by a showing of counsel's failure to perform an essential duty, which failure was prejudicial to the defendant; the burden is on the defendant.

3. CRIMINAL LAW — ASSISTANCE OF COUNSEL — SIXTH AMENDMENT.

A defendant who claims under the Sixth Amendment that trial counsel's assistance was so defective as to require reversal must establish two criteria: first, that counsel's performance was deficient, whereupon a performance inquiry is then engaged in to determine whether counsel's assistance was reasonable considering all the circumstances and the inquiry looks at whether counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment; second, that the deficient performance prejudiced the defense and that, absent the error, there was a reasonable probability that the factfinder would have had a reasonable doubt respecting guilt (US Const, Am VI).

4. CRIMINAL LAW — ASSISTANCE OF COUNSEL — CHOICE OF COUNSEL — SIXTH AMENDMENT.

An accused's right to choose counsel is an essential part of the Sixth Amendment's right to assistance of counsel, however, such a right is not absolute; a balancing of the right to choose counsel and the public's interest in the prompt and efficient administration of justice must be done in order to determine whether the accused's right has been violated (US Const, Am VI).

5. CRIMINAL LAW — SENTENCING.

A trial judge may not make an independent finding of a defendant's guilt on a separate charge and assert that as a basis justifying the sentence on the charge for which the defendant has been found guilty, especially where the defendant has been found not guilty of the separate charge.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division Research, Training and Appeals, and *Joseph A. Puleo,* Assistant Prosecuting Attorney, for the people.

*Neil H. Fink* and *John R. Minock,* for defendant.

Before: HOOD, P.J., and CYNAR and R. B. BURNS,* JJ.

CYNAR, J. Defendant was charged with possession with intent to deliver 50 grams or more, but less than 225 grams, of cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), and possession with intent to deliver marijuana, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c). Following a bench trial in Detroit Recorder's Court, defendant was convicted of possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and possession with intent to deliver marijuana. On September 3, 1986, defendant was sentenced to concurrent terms of from seven to twenty years in prison for the cocaine conviction and two to four years for the marijuana conviction. Defendant appeals as of right.

On March 15, 1986, at approximately 12:40 A.M., Detroit police officers executed a search warrant at Ted's Bar (owned by defendant), located at 18200 Plymouth Road in the City of Detroit. Officer Ted Wasik testified that, upon the entry of the officers into the bar, they told the customers to stand by the wall. Wasik went to the back of the bar through a door marked "Employees only." Defen-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

dant came out of the office and slammed the office door when he saw the police. Sergeant Ronald Ferguson asked defendant for the keys. Defendant gave the keys to Ferguson who then opened the office door. The officers confiscated from a safe over $16,000 in cash, various packages of cocaine, marijuana, pills, and several different items of jewelry. Officer Charles Beasley confiscated a triple beam scale and three baggies of marijuana from a small room within the office of the bar. In total, the officers recovered 62.55 grams of cocaine and 85.40 grams of marijuana.

Defense counsel called two witnesses who were at Ted's Bar on the night of the search. Mary Lou Redmond said that, when the police entered the bar and told everyone to freeze, she saw other bar customers drop marijuana and small white envelopes on the floor. Gerald Modlinski also saw bar patrons tossing little white plastic packets on the floor when the police entered the bar.

Defendant testified that he was not aware of any drugs in the bar at all. Defendant did not see any bar customers dropping anything on the floor. However, he did hear one officer say "it looks like it's snowing in here." On cross-examination, defendant stated that he always keeps a large amount of cash on hand since he buys and sells everything for the bar on a cash basis.

The prosecutor did not offer a closing argument. Defense counsel argued that the prosecutor failed to prove beyond a reasonable doubt that defendant was in possession of more than fifty grams of cocaine. The trial court found defendant guilty of possession with intent to deliver less than fifty grams of cocaine and possession with intent to deliver marijuana.

Following the imposition of defendant's sentences, defendant moved for a new trial, an evi-

dentiary hearing and resentencing. At the hearing on the motions, defendant was represented by new counsel, Neil Fink. All of the motions were denied on December 19, 1986.

On March 17, 1987, this Court granted defendant's motion to remand for a *Ginther*[1] hearing and to move for a new trial. The *Ginther* hearing was held on April 2, 1987. Trial counsel, Carla Johnson, testified that, prior to the evidentiary hearing held on August 1, 1986, she spoke with Detroit Police Officer Greg Huizar. Huizar told her that, on the night of the raid, he saw narcotics on the bar floor. However, at the evidentiary hearing, Huizar testified that he did not see any narcotics on the bar floor. At this point, Johnson knew that she was a potential defense witness. She advised defendant that she might be a potential witness and defendant told her that he would look for another attorney. One day before the trial, defendant told Johnson that he wanted her as a witness and that he would retain another attorney. On August 12, 1986, before the trial began, Johnson moved to withdraw as counsel and for an adjournment because defendant's new counsel was in trial. There was no record made of Johnson's oral motions. The trial court denied both motions.

On April 3, 1987, the trial court denied defendant's motion for a new trial. The instant appeal followed.

In his first issue, defendant alleges that he was deprived of the effective assistance of counsel under the federal and state constitutions when his counsel argued that defendant was guilty of possessing under fifty grams of cocaine even though defendant maintained his innocence throughout the trial.

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

In *People v Garcia,* 398 Mich 250, 264-266; 247 NW2d 547 (1976), reh den 399 Mich 1041 (1977), our Supreme Court established a bifurcated test for ineffective assistance of counsel claims. First, defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law. Second, even though the first test is satisfied, counsel must not make a serious mistake but for which the defendant would have had a reasonably likely chance of acquittal. See also *People v Dalessandro,* 165 Mich App 569; 419 NW2d 609 (1988).

Trial counsel is presumed to have afforded effective assistance. This presumption can only be overcome by a showing of counsel's failure to perform an essential duty, which failure was prejudicial to the defendant. The burden is on the defendant. *People v Stubli,* 163 Mich App 376, 379; 413 NW2d 804 (1987).

Under federal constitutional law, the standard to determine ineffective assistance of counsel was formulated in *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). The United States Supreme Court held that, when a convicted defendant claims under the Sixth Amendment that counsel's assistance was so defective as to require reversal, he must establish the following two criteria. First, that counsel's performance was deficient. A performance inquiry is then engaged in to determine whether counsel's assistance was reasonable considering all the circumstances. The inquiry looks at whether counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.,* 466 US 687. Second, that the deficient performance prejudiced the defense and that, absent the error, there was a

reasonable probability that the factfinder would have had a reasonable doubt respecting guilt. *Id.*

At the *Ginther* hearing, Ms. Johnson testified that throughout her representation of defendant he maintained his innocence. Johnson's theory of defense was that defendant was not guilty as charged since the prosecution had not established beyond a reasonable doubt the elements of this offense. Defendant argues that this theory is tantamount to a concession of defendant's guilt. We disagree.

In *United States v Cronic,* 466 US 648, 656-657; 104 S Ct 2039; 80 L Ed 2d 657 (1984), the Supreme Court elaborated on the Sixth Amendment guarantee of the effective assistance of counsel:

> Thus, the adversarial process protected by the Sixth Amendment requires that the accused have "counsel acting in the role of an advocate." *Anders v California,* 386 US 738, 743 [18 L Ed 2d 493; 87 S Ct 1396] (1967). The right to the effective assistance of counsel is thus the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing. When a true adversarial criminal trial has been conducted—even if defense counsel may have made demonstrable errors—the kind of testing envisioned by the Sixth Amendment has occurred. But if the process loses its character as a confrontation between adversaries, the constitutional guarantee is violated. As Judge Wyzanski has written: "While a criminal trial is not a game in which the participants are expected to enter the ring with a near match in skills, neither is it a sacrifice of unarmed prisoners to gladiators." *United States ex rel Williams v Twomey,* 510 F2d 634, 640 (CA 7 [1975]), cert denied sub nom *Sielaff v Williams,* 423 US 876 (1975).

Defendant alleges that, in this instance, counsel

abdicated her role as an advocate because her
closing argument conceded defendant's guilt of the
lesser included offense of possession of cocaine
under fifty grams. In support, defendant relies on
*Wiley v Sowders*, 647 F2d 642 (CA 6, 1981), cert
den 454 US 1091; 102 S Ct 656; 70 L Ed 2d 630
(1981). In *Wiley*, defendant was convicted of bur-
glary, theft, and being a persistent felony offender
and was sentenced to life in prison. At the arraign-
ment, both Wiley and his brother pled "not guilty"
to the charges. During closing argument defense
counsel made the following statements:

> But as I said, the stars aren't in my eyes in this
> case. . . . Because unfortunately for these two
> men that you see here today, *they are guilty.*
> *They're guilty as charged* by the Commonwealth's
> Attorney's office.
> Mr. Walker [the prosecutor] in voir diring you
> all said, do you understand that the indictment
> . . . doesn't become a question of fact until I prove
> beyond a reasonable doubt that they are in fact
> guilty.
> We have to stand and give him credit for that
> because, ladies and gentlemen of the jury, *he has*
> *proved to you beyond a reasonable doubt that*
> *these gentlemen are guilty of this crime.* We don't
> have stars in our eyes, and we never have. *They're*
> *guilty.* [Emphasis in original. 647 F2d 645.]

The Sixth Circuit reversed the convictions find-
ing that counsel rendered ineffective assistance by
arguing that defendant was guilty because the
decision to plead guilty or not guilty is a decision
reserved solely for the defendant. *Id.,* p 649. In
addition, the *Wiley* court held that a defendant is
deprived of the effective assistance of counsel
when his lawyer admits the client's guilt without
first obtaining the client's consent to this strategy.

*Id.,* p 650. See also *People v Fisher,* 119 Mich App 445; 326 NW2d 537 (1982).

In this case, we reject defendant's claim that counsel's closing argument amounted to a concession of guilt. Defense counsel's argument merely stated that the prosecution had failed to establish the elements for the offense of possession with intent to deliver over fifty grams of cocaine. As noted in *Messer v Kemp,* 760 F2d 1080, 1090, n 6 (CA 11, 1985), it is only a complete concession of defendant's guilt which constitutes ineffective assistance of counsel. There was no such concession made in this case. This case is substantially different from those cited in defendant's brief where defense attorneys expressly conceded or strongly implied the guilt of their clients. See *State v Harbison,* 315 NC 175, 177-178; 337 SE2d 504 (1985), cert den 476 US 1123; 106 S Ct 1992; 90 L Ed 2d 672 (1986) (Counsel stated during closing argument: "I have my opinion as to what happened on that April night, and I don't feel that William should be found innocent."), *People v Carter,* 41 Ill App 3d 425, 428; 354 NE2d 482 (1976) (Counsel said that defendant was not very brilliant in what he did and declined to discuss the factual discrepancy in the evidence concerning whether defendant was armed), *People v Woods,* 151 Ill App 3d 687, 692; 104 Ill Dec 443; 502 NE2d 1103 (1986) (Counsel stated during closing argument: "They stole a battery."), and *People v Hattery,* 109 Ill 2d 449, 458-459; 94 Ill Dec 514; 488 NE2d 513 (1985), cert den — US —; 106 S Ct 3314; 92 L Ed 2d 727 (1986) (Counsel stated: "At the end of your deliberations, you will find him guilty of murder. . . . Once you have found him guilty, . . . ."). Thus, under either the *Strickland* or *Garcia* standard, defendant was not deprived of the effective assistance of counsel.

Secondly, defendant alleges that he was denied the right to present a defense and the right to be represented by counsel of his own choice where the trial court denied counsel's motion to withdraw or adjourn the trial so that counsel could testify as a witness.

In the course of preparing defendant's case, trial counsel spoke to Officer Huizar. Huizar told Johnson over the telephone that he saw a lot of narcotics on the bar floor, which the police were picking up. At the evidentiary hearing, he denied telling Johnson he saw any narcotics on the floor and stated that he did not see narcotics on the floor. On the day of trial, Johnson requested to withdraw as counsel so she could testify. She also requested an adjournment because defendant's new attorney was in trial. Both requests were denied.

In support of his argument, defendant relies on *People v Charles O Williams,* 386 Mich 565; 194 NW2d 337 (1972). In *Williams,* on the first day of trial, defense counsel, Monash, asked to withdraw because Williams had retained substitute counsel, Goldfarb, and because there was a dispute over trial strategy between defendant and counsel Monash. The trial court denied the motions. In reversing the trial court's decision, the Supreme Court held:

> In view of the facts that: 1) defendant was asserting a constitutional right—the right to counsel; 2) he had a legitimate reason for asserting this right—an irreconcilable *bona fide* dispute with his attorney over whether to call his alibi witnesses; 3) he was not guilty of negligence; and 4) the trial court was incorrect in stating that defendant had caused the trial to be adjourned several times—we hold that the trial court abused its discretion in denying defendant's counsel's motion to withdraw

and in preventing defendant from changing attorneys and granting a continuance in this case. [386 Mich 578.]

In this case, defendant sought the continuance on the eve of trial, having decided that he wanted his attorney to testify. We do not find that the trial court abused its discretion in denying the continuance. The trial judge, in this case, had a better pulse of what was occurring as the case was progressing as compared to a reviewing court some distance from the action in the arena. We are not persuaded that defendant was deprived of the opportunity to present a defense. Counsel's testimony may have aided the defendant with respect to the quantity of narcotics that were in defendant's possession. Given that this was a bench trial and the trial judge was cognizant through two defense witnesses of the fact that bar patrons were throwing narcotics on the floor and this would be further brought out by counsel's potential testimony, we are not persuaded that defendant was deprived of a defense. It should also be noted that Officer Huizer did not testify at the trial.

In addition, defendant was not denied the opportunity to have counsel of his own choosing. While an accused's right to choose counsel is an essential part of the Sixth Amendment right to assistance of counsel, such a right is not absolute. *Wilson v Mintzes,* 761 F2d 275, 280 (CA 6, 1985). A balancing of the accused's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice is done in order to determine whether an accused's right to choose counsel has been violated. *Id.* In this case, as we noted earlier, continuance in this case was properly denied since defendant waited over two weeks before deciding to choose alternative counsel. In

addition, we discern no identifiable prejudice in the trial court's denial of his motion for a continuance.

In his third issue, defendant alleges that the trial court erred at sentencing by considering the greater offense of which defendant was acquitted in imposing sentence. In *People v Grimmett,* 388 Mich 590, 608; 202 NW2d 278 (1972), the Supreme Court stated that a trial judge is not entitled to make an independent finding of a defendant's guilt on another charge and assert that as a basis justifying the sentence, especially where the defendant was found not guilty of that charge. Our review of the court's remarks at sentencing does not support defendant's claim. The trial court's sentence was not premised on a finding of guilt as to the charged offense since a minimum ten-year sentence would have been mandatory. In addition, the trial court's reference to giving defendant a break and finding him guilty of possession of under fifty grams was in response to the guidelines' minimum recommended range and the court's reasons for departure therefrom.

Finally, the trial court's departure from the guidelines range did not constitute an abuse of discretion to the extent that it shocks our collective judicial conscience. *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983).

Affirmed.

R. B. BURNS, J., concurred.

HOOD, P.J. *(dissenting).* I respectfully dissent. First, I would hold that defendant was denied effective assistance of counsel. Defense counsel's closing argument was as follows:

> *The Court:* Do you have any closing remarks to make?

*Ms. Johnson:* Yes, your Honor. I have a problem with the chain of evidence on the one officer, who seems to have changed the number, whether it was changed on his report or on the lock sealed folder.

*The Court:* He said he didn't change the lock sealed folder. He said he mistyped it.

*Ms. Johnson:* I think that chain of evidence which is supposed to be a perfect chain in order to prove beyond a reasonable doubt that that's a portion of the evidence to be attributed to the crime, I think that chain has been broken on that portion which totals up to 3.43 grams. Another point, it only makes sense to me that if somebody comes in and raids a bar where drugs are found, that some of the patrons in the bar will have drugs on them and drop them on the floor and since none of the police officers saw this I think it goes to their credibility.

*The Court:* Are you saying that if A and B see something and c doesn't, that c's ability is questionable because he didn't see what A and B claimed that they saw?

*Ms. Johnson:* Yes, your Honor.

*The Court:* I'll accept that as argument.

*Ms. Johnson:* My argument is that the prosecutor has to prove beyond a reasonable doubt that there was more than 50 grams and I would say this hasn't been proven.

Not only did defense counsel fail completely to pursue defendant's claim of innocence, her argument is easily capable of being viewed as a concession that defendant possessed some amount of controlled substance less than fifty grams. I would find that counsel's performance was deficient and that defendant was prejudiced. *People v Dalessandro,* 165 Mich App 569, 577; 419 NW2d 609 (1988). I would order a new trial.

In addition, I am of the opinion that the trial court erred reversibly in refusing the allow trial

counsel to withdraw so that she could testify at trial concerning the conflicting stories which Officer Huizar told her. Although there was some negligence on the part of the defendant, the police officers' credibility was certainly relevant to defendant's defense, and defendant was deprived of the opportunity to present his defense.

Finally, I would, at the very least, remand this cause for resentencing before another judge. Defendant was sentenced to a term of seven to twenty years for possession with intent to deliver cocaine and two to four years for possession with intent to deliver marijuana. The minimum sentencing guideline range for the cocaine charge is six to twelve months. The trial judge stated the following reasons for rejecting the guidelines:

> *The Court:* As I recall the amount of cocaine itself was over 50 grams. I believe it was 65 grams and $21,000 in cash, a little over that amount, numerous, items of jewelry, marijuana. This was kind of a big case. I gave him a break and found him guilty of possession with intent to deliver under 50 grams, but I really can't understand the argument so much about the guidelines because this doesn't mean anything to me at all. I don't intend to follow it. I have reviewed the guidelines and I have looked at it and I'm rejecting it because the thing is destroying our community and the whole country in fact, cocaine, marijuana and other narcotics and I heard the case, I know what was involved in it and the final responsibility is mine as far as the sentencing is concerned and I'm not going to just drop behind a guideline that was calculated by some individual totally unknown to me and abdicate my responsibility, but considering the amount of dope that was involved, the fact that this was an ongoing enterprise, it wasn't something that happened that day, this was an ongoing enterprise and the defendant only decided to change his ways because of this particular

incident. He was arrested and they found the dope in there. So he stopped, of course.

The sentence for over 50 grams I believe the minimum is ten years and the maximum would be life. I believe it is a minimum of ten and maximum of life. Under 50 grams it's up to 20 years. I'll sentence you to serve a term of not less than seven years to 20 years for possession with intent to deliver cocaine and for possession with intent to deliver marijuana I'll make it two to four years which will run concurrently. So I have reduced the sentence considerably, but considering the amount involved here severe action should be taken.

Although the trial judge convicted defendant of possession with intent to deliver under fifty grams of cocaine, he continuously referred to the fact that over fifty grams were seized. Furthermore, he referred to the sentence for possession with intent to deliver over fifty grams of cocaine when fashioning defendant's sentence.

Our Supreme Court has held that a trial judge may not make an independent finding of guilt on another charge and assert that as a basis to justify a sentence, especially where a defendant has been found not guilty of the other charge. *People v Grimmett,* 388 Mich 590, 608; 202 NW2d 278 (1972).