# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

BERNARD OUSLEY, JR.,

       Defendant-Appellant.

UNPUBLISHED
May 18, 2017

No. 330502
Wayne Circuit Court
LC No. 15-005488-01-FH

Before: RIORDAN, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial conviction of possession with intent to deliver less than 5 kilograms of marijuana, MCL 333.7401(2)(d)(iii). The trial court sentenced defendant, as a fourth offense habitual offender, MCL 769.12, to six months in jail and two years' probation. We affirm.

Defendant argues that he was denied the effective assistance of counsel because his trial counsel advised him to testify on his own behalf, which resulted in both defendant and trial counsel admitting to defendant's guilt of possession with intent to deliver less than 5 kilograms of marijuana. We disagree.

Because, there is nothing in the lower court record to indicate that defendant requested a new trial or a *Ginther*[1] hearing, this issue is unpreserved. "Appellate review of an unpreserved argument of ineffective assistance of counsel, like this one, is limited to mistakes apparent on the record." *People v Johnson*, 315 Mich App 163, 174; 889 NW2d 513 (2016). "Whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law, and a trial court's findings of fact are reviewed for clear error, while questions of constitutional law are reviewed de novo." *Id*. at 174 (internal citations omitted).

Counsel is presumed effective, and a defendant bears a heavy burden to prove otherwise. *Id*. "To establish ineffective assistance of counsel, the defendant must show that (1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

-1-

and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant.' *Id.* (internal quotation marks and citation omitted). Prejudice to the defendant "can be shown by proving that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v Cooper*, 309 Mich App 74, 80; 867 NW2d 452 (2015) (internal quotation marks and citation omitted). "A defendant is not denied the effective assistance of counsel by counsel's failure to make a futile or meritless objection." *Johnson*, 315 Mich App at 175. "This Court will not substitute [its] judgment for that of counsel on matters of trial strategy, nor will this Court use the benefit of hindsight when assessing counsel's competence." *Cooper*, 309 Mich App at 80 (internal quotation notation and citation omitted).

First, there is nothing in the lower court record that establishes whether defendant's trial counsel advised defendant to testify on his own behalf, or whether defendant independently chose to do so. Trial counsel confirmed on the record that he discussed defendant's testimony with him, but there was never any elaboration as to the extent of this conversation. Because this Court's review is limited to mistakes apparent on the record, defendant's argument that his counsel advised him to testify cannot serve as the basis for his claim of ineffective assistance of counsel.

Second, even if trial counsel did advise defendant to testify, "[t]he decision to call or not call the defendant to testify is a matter of trial strategy." *People v Alderete*, 132 Mich App 351, 360; 347 NW2d 229 (1984). This Court affords "defense counsel wide discretion in matters of trial strategy because counsel may be required to take calculated risks to win a case." *People v Heft*, 299 Mich App 69, 83; 829 NW2d 266 (2012).

Defendant confessed to possessing marijuana in a signed statement. Additionally, the police seized marijuana that was packaged in individual baggies, a digital scale, and empty sandwich bags from defendant's bedroom and the living room of his home. Defendant testified that he possessed the marijuana, but that it was to treat his medical ailments,[2] and that he planned on returning unused marijuana shavings to a medical marijuana dispensary.

 Defense counsel argued that defendant did not intend to sell the marijuana, but rather possessed the marijuana for his own personal use. Defense counsel further argued that defendant's plan to return extra marijuana to a dispensary was not contemplated within the statute and was therefore insufficient to form his intent to deliver the marijuana. Given the evidence presented by the prosecution, defense counsel's strategy to focus on defeating the intent element of the charged offense was sound trial strategy that this Court will not second-guess.

Third, we disagree with defendant's contention that, through this strategy, his counsel conceded defendant's guilt without his consent. To support a conviction for possession with intent to deliver less than 5 kilograms of marijuana, "the prosecution had to prove beyond a reasonable doubt that (1) defendant knowingly possessed a controlled substance, (2) defendant

---

[2] Defendant admitted that he did not possess a medical marijuana card.

intended to deliver the controlled substance to someone else, (3) the substance possessed was marijuana and defendant was aware that it was, and (4) the marijuana was in a mixture that weighed less than five kilograms." *People v Williams*, 268 Mich App 416, 419-420; 707 NW2d 624 (2005). Defendant confessed in a signed statement that he possessed 28 grams of marijuana. As this signed statement was admitted at trial, defendant conceded the first, third, and fourth elements of the charged offense, leaving defense counsel with little choice but to focus on the intent element.

"[I]t is only a complete concession of defendant's guilt which constitutes ineffective assistance of counsel." *People v Krysztopaniec*, 170 Mich App 588, 596; 429 NW2d 828 (1988). Defendant's trial counsel never "expressly conceded or strongly implied" defendant's guilt, *id.*, but rather, maintained defendant's innocence through closing argument, where he argued that his client's possession of the marijuana was for his own personal use and that returning his extra marijuana was not contemplated by the statute. Defendant emphasizes that he did not know that his possession of marijuana and return of his extra marijuana to a dispensary constituted the commission of a crime. Defendant characterizes his counsel's strategy to have defendant testify to his return of the marijuana as a confession of guilt. As noted above, however, counsel expressly argued the statute did not contemplate defendant's actions. Further, there is no indication in the record that counsel did advise defendant to testify specifically that he planned to return his extra marijuana to the dispensary or that counsel did not advise defendant of the risks attendant with such testimony. Indeed, there is no indication in the record that counsel advised defendant to testify at all. Accordingly, we are unable to find any error apparent on the record.

Finally, even absent defendant's testimony, there was sufficient evidence in the record to convict defendant of possession with the intent to deliver. We, again, note that defendant admitted to possessing marijuana. "Intent to deliver [the possessed marijuana] has been inferred from the quantity of narcotics in a defendant's possession, from the way in which those narcotics are packaged, and from other circumstances surrounding the arrest." *People v Wolfe*, 440 Mich 508, 524; 489 NW2d 748 (1992). The police seized a large Ziploc bag of marijuana and another large Ziploc bag that contained marijuana packaged in individual baggies, digital scales, and empty sandwich bags from the living room and defendant's bedroom. Despite the fact that the trial court stated that defendant "buried himself when he took the stand[,]" when the trial court made its findings of fact, it expressly referenced the officers' testimony, not defendant's. Because the officers' testimony was sufficient to conclude that defendant intended to deliver the marijuana (and not just return any excess marijuana to the dispensary), defendant cannot show a reasonable probability that his counsel's trial strategy resulted in his conviction, apart from the other evidence presented. Accordingly, we conclude that defendant has not met his burden to prove that he was deprived of the effective assistance of counsel.

Affirmed.

/s/ Michael J. Riordan
/s/ Amy Ronayne Krause
/s/ Brock A. Swartzle