*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

CHARLES HOLIDAY MALONE,

Defendant-Appellee.

UNPUBLISHED
August 6, 2019

No. 345775
Wayne Circuit Court
LC No. 12-003370-01-FC

Before: MURRAY, C.J., and STEPHENS and SHAPIRO, JJ.

PER CURIAM.

The prosecution appeals by leave granted[1] an opinion and order granting defendant's motion for relief from judgment. We reverse.

## I. BACKGROUND

This is defendant's second appeal to this Court. In defendant's first appeal, this Court provided a brief overview of the facts:

Defendant's convictions arise from the armed robbery of an employee of a liquor and check cashing store. The store employee was sent to the bank to obtain $30,000 cash in anticipation of cashing checks for customers. When the employee attempted to enter the store with the funds, he was stopped by an armed gunman, defendant, who demanded that the employee place the cash in a black bag. A customer attempted to exit the store and saw the robbery in progress. Additionally, video cameras captured the robbery. Defendant left the store in a damaged black Nissan. Police received a tip that defendant committed the robbery, which prompted photographic line-ups. The employee identified

---

[1] *People v Malone*, unpublished order of the Court of Appeals, entered December 3, 2018 (Docket No. 345775).

-1-

defendant in a photographic line-up and at trial as the perpetrator. When defendant refused to participate in a live line-up, the customer also identified defendant as the robber in a photographic line-up and also at trial.

In contrast, defendant alleged that he had an alibi for the robbery. Specifically, defendant asserted that his girlfriend would provide an alibi. However, the girlfriend testified that defendant dropped her off at work before the robbery occurred. Consequently, defense counsel called defendant's sister, Lillian Malone, and his cousin, Wesley Ellis, to testify that defendant was at his sister's home at the time of the robbery. Despite the presentation of the defense of alibi, defendant was convicted as charged. [*People v Malone*, unpublished per curiam opinion of the Court of Appeals, issued May 27, 2014 (Docket No. 312649), p 1.]

Before jury selection on the first day of trial, Jeffrey Maynard ("Maynard") and Seth Carlson ("Carlson") appeared as retained defense counsel and requested an adjournment. Maynard reported that defendant was dissatisfied with defense counsel's progress and wanted to seek new defense counsel. Maynard also stated that defendant told defense counsel that morning that he wanted to find additional alibi witnesses. Defendant stated that he did not want Maynard or Carlson to represent him, and that he requested an adjournment to either obtain new defense counsel or to prepare to represent himself. The trial court questioned defendant about his dissatisfaction with defense counsel, and defendant replied that he had only met with Carlson four or five times, although Carlson stated that he met with defendant 12 times. Defendant also asserted that defense counsel had not filed any pretrial motions, including a motion to challenge the suggestive photographic lineup. The trial court denied defendant's request for an adjournment to obtain new counsel or to prepare to represent himself. The trial court determined that defendant was not prepared to represent himself and that defense counsel was prepared to represent him, and that defendant had the opportunity to meet and speak with defense counsel.

Following defendant's convictions and sentencing, defendant appealed to this Court and argued that defense counsel failed to provide effective assistance of counsel. *Malone*, unpub op at 2. This Court determined that defendant failed to establish that defense counsel was ineffective, and affirmed defendant's convictions and sentences. *Id*. at 3-6. Defendant then filed a motion for relief from judgment in the trial court, and argued that the prosecution engaged in misconduct, that he received ineffective assistance of trial and appellate counsel, and that the trial court erred when it forced him to either proceed to trial with ineffective counsel or by himself. The trial court granted defendant's motion for relief from judgment because it determined that defendant's Sixth Amendment right to proceed to trial with counsel of his choice was violated.

## II. ANALYSIS

The prosecution argues that the trial court abused its discretion when it granted defendant's motion for relief from judgment because defendant did not establish good cause for failing to raise in his first appeal the issue that the trial court denied his right to counsel, and because defendant did not suffer actual prejudice when the trial court denied his request for an adjournment.

"It is well established that we review a trial court's grant of relief from judgment for an abuse of discretion and that we review a trial court's findings of fact supporting its ruling for clear error." *People v McSwain*, 259 Mich App 654, 681; 676 NW2d 236 (2003). A trial court's determination affecting a defendant's right to counsel of choice is also reviewed for an abuse of discretion. *People v Akins*, 259 Mich App 545, 556-557; 675 NW2d 863 (2003). "An abuse of discretion occurs when a trial court's decision falls outside the range of reasonable and principled outcomes." *People v Johnson*, 502 Mich 541, 564; 918 NW2d 676 (2018) (quotation marks and citation omitted). "A trial court's factual finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Franklin*, 500 Mich 92, 100; 894 NW2d 561 (2017) (quotation marks and citation omitted).

In a motion for relief from judgment:

> The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion
>
> * * *
>
> (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
>
> (a) good cause for failure to raise such grounds on appeal or in the prior motion, and
>
> (b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,
>
> (*i*) in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal;
>
> * * *
>
> (*iii*) in any case, the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case;
>
> * * *
>
> The court may waive the "good cause" requirement of subrule (D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime. [MCR 6.508(D)(3).]

"It is clear that, by its own terms, the 'good cause' and 'actual prejudice' prerequisites of MCR 6.508(D)(3) need not be satisfied where a defendant properly alleges a jurisdictional defect in a prior proceeding that resulted in conviction and sentence." *People v Carpentier*, 446 Mich 19, 27; 521 NW2d 195 (1994). While the denial of the right to counsel of choice is a structural error, *United States v Gonzalez-Lopez*, 548 US 140, 150-152; 126 S Ct 2557; 165 L Ed 2d 409

(2006), it is unclear whether it is a jurisdictional defect, see, e.g., *United States v Sanchez Guerrero*, 546 F3d 328, 331-332 (CA 5, 2008). We need not determine whether defendant had to or did establish good cause, because we conclude that he failed to establish prejudice.

In other words, even if defendant had to and did establish good cause, he cannot establish actual prejudice because the trial court did not abuse its discretion when it denied defendant's request for an adjournment to obtain new counsel or to prepare to represent himself. *People v Clark*, 274 Mich App 248, 255; 732 NW2d 605 (2007) (stating that remand for a " 'good cause' determination" was unnecessary because the trial court erred when it determined that the defendant fulfilled the actual prejudice requirement, and the defendant could not demonstrate actual prejudice because the defendant's claims of instructional error and ineffective assistance of counsel were without merit). The trial court concluded that because it essentially required defendant to either continue with his retained counsel with whom he was apparently dissatisfied, or to represent himself without time to prepare (i.e., without an adjournment), defendant was deprived of counsel and thus entitled to a new trial.[2]

The right to counsel is guaranteed by both the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, §§ 17 and 20. The constitutional right to counsel includes the right of a defendant to choose his own retained counsel. US Const, Am VI; 1963 Const, art 1, §§ 13 and 20; *People v Aceval*, 282 Mich App 379, 386; 764 NW2d 285 (2009). However, a defendant's right to counsel of his choice is not unlimited, and is subject to " '[a] balancing of the accused's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice . . . in order to determine whether an accused's right to choose counsel has been violated.' " *Aceval*, 282 Mich App at 386-387, quoting *People v Krysztopaniec*, 170 Mich App 588, 598; 429 NW2d 828 (1988). Additionally:

> When reviewing a trial court's decision to deny a defense attorney's motion to withdraw and a defendant's motion for a continuance to obtain another attorney, we consider the following factors: (1) whether the defendant is asserting a constitutional right, (2) whether the defendant has a legitimate reason for asserting the right, such as a bona fide dispute with his attorney, (3) whether the defendant was negligent in asserting his right, (4) whether the defendant is merely attempting to delay trial, and (5) whether the defendant demonstrated prejudice resulting from the trial court's decision. [*People v Echavarria*, 233 Mich App 356, 369; 592 NW2d 737 (1999).]

It is undisputed that defendant requested, on the morning of trial, that the trial court adjourn trial so that he could either obtain new counsel or prepare to represent himself. Defendant asserted that he needed new defense counsel because he had not met frequently enough with his current defense counsel, he wanted counsel to call additional alibi witnesses, and

---

[2] The trial court opined that the deprivation of counsel at a critical stage of the proceeding allowed it to dispense with an actual prejudice analysis. However, in *People v Lewis*, 501 Mich 1, 9-10; 903 NW2d 816 (2017), the Court held that such a deprivation was still subject to harmless-error analysis.

defense counsel had not filed any pretrial motions, including a motion challenging the photographic lineup. As noted, however, the trial court denied defendant's request for an adjournment to seek new defense counsel because defense counsel stated that they were ready to proceed with trial, defense counsel met with defendant to discuss the case, any pretrial motions would have been frivolous, and the request was tardy.

Using the *Echavarria* factors, we conclude the trial court abused its discretion when it reversed its decision denying defendant's request for an adjournment to seek new counsel. Although defendant asserted his constitutional right to be represented by counsel of his choice, defendant did not demonstrate that he had a legitimate reason to seek new counsel. Neither of defendant's reasons for seeking new counsel (their failure to obtain alibi witnesses and to meet with defendant before trial to discuss trial strategy) evidenced a bona fide dispute between himself and defense counsel. Further, defendant was negligent in asserting his right to new counsel of his choice because he requested new counsel on the morning of trial, after meeting with defense counsel numerous times before trial. Waiting until the morning of trial to request an adjournment suggests that defendant was merely attempting to delay trial. See *Aceval*, 282 Mich App at 388 (determining that, when balanced against "the demands of the trial court's calendar," the defendant was not denied the right to counsel of choice when the trial court refused to allow the defense counsel to withdraw 12 days before trial). Indeed, the trial court handled defendant's request almost exactly as the Supreme Court recognized as appropriate in *People v Russell*, 471 Mich 182, 194 n 28; 684 NW2d 745 (2004).

Additionally, the right to self-representation is not absolute, and a defendant must meet several requirements to proceed pro se. *Russell*, 471 Mich at 189. One of the requirements is that "a defendant must make an unequivocal request to represent himself[.]" *People v Dunigan*, 299 Mich App 579, 587; 831 NW2d 243 (2013). Defendant never unequivocally requested to represent himself. Instead, he made a conditional request, stating that he would represent himself *if* he was given the time to prepare. Therefore, the trial court abused its discretion when it granted defendant a new trial.

Reversed. We do no retain jurisdiction.

/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro