*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 18, 2024

Plaintiff-Appellee,

v

No. 364548
Kent Circuit Court
LC No. 21-000677-FH

ANTHONY JUAN WILLIAMS,

Defendant-Appellant.

Before: M. J. KELLY, P.J., and MARKEY and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of delivery or manufacture of 50 to 449 grams of a controlled substance (delivery of a controlled substance), MCL 333.7401(2)(a)(*iii*). He was sentenced as a fourth-offense habitual offender, MCL 769.12, to 10 to 20 years' imprisonment. We affirm defendant's conviction and sentence.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In December 2020, defendant was arrested and charged with delivery of a controlled substance for selling heroin to a Grand Rapids police officer. On the first day of trial, trial counsel moved to withdraw. According to trial counsel, defendant was frustrated with counsel's failure to file unspecified motions upon defendant's request. The trial court denied the motion. This issue was renewed on the second day of trial. This time, new counsel was present in the courtroom and stated that he would be "happy to step in" despite the fact that he was unfamiliar with the case. Again, the trial court denied the motion.

At sentencing, trial counsel asked the trial court to deviate from the minimum sentencing guidelines range and allow defendant to enroll in the rehabilitation program as an alternative to imprisonment. The trial court declined and sentenced defendant to 10 to 20 years' imprisonment, which is the middle of the guidelines range. This appeal followed.

## II. SUBSTITUTION OF COUNSEL

Defendant argues that the trial court abused its discretion when it denied his motion for substitution of counsel. He also contends that, in denying the motion for substitution of counsel, he was denied his right to effective assistance of counsel. We disagree.

### A. PRESERVATION AND STANDARD OF REVIEW

"A trial court's decision regarding substitution of counsel will not be disturbed absent an abuse of discretion." *People v Traylor*, 245 Mich App 460, 462; 628 NW2d 120 (2001). A trial court abuses its discretion if it "chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008).

A defendant preserves a claim of ineffective assistance of counsel by moving for a new trial or a *Ginther*[1] hearing. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Defendant did not move for a new trial or for a *Ginther* hearing. Therefore, the question of ineffective assistance of counsel is unpreserved for our review. *Id*.

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). "The trial court must first find the facts and then decide whether those facts constitute a violation of the defendant's constitutional right to effective assistance of counsel. The trial court's factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo." *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004) (citation omitted). Because defendant did not preserve the claim of ineffective assistance, our review is limited to "errors apparent on the record." *Id*.

### B. LAW AND ANALYSIS

Criminal defendants enjoy a general right to counsel. US Const, Am VI; Const 1963, art 1, § 20. "The core of this right has historically been, and remains today, the opportunity for a defendant to consult with an attorney and to have him investigate the case and prepare a defense for trial." *Kansas v Ventris*, 556 US 586, 590; 129 S Ct 1841; 173 L Ed 2d 801 (2009) (quotation marks and citation omitted). However, a defendant is not "entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced." *People v Buie*, 298 Mich App 50, 67; 825 NW2d 361 (2012) (quotation marks and citation omitted). A trial court must balance a defendant's right to the counsel of his choice against "the public's interest in the prompt and efficient administration of justice . . . ." *People v Aceval*, 282 Mich App 379, 387; 764 NW2d 285 (2009), quoting *People v Krysztopaniec*, 170 Mich App 588, 598; 429 NW2d 828 (1988). "Appointment of a substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process." *People v Strickland*, 293 Mich App 393, 397; 810 NW2d 660 (2011) (quotation marks and citation omitted). "Good

---

[1] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

cause" is defined as a "legitimate difference of opinion" between a defendant and trial counsel "with regard to a fundamental trial tactic." *Id*. (quotation marks and citation omitted).

At trial, counsel moved to withdraw as defendant's attorney, and the trial court asked defendant to explain why he wanted trial counsel to withdraw. Defendant stated that he had asked trial counsel to file motions "as far as [his] 180-rule"[2] and that trial counsel was acting "like he don't want to file them." Defendant explained that he wanted to adjourn trial and "then see if we can get these motions together, but it seems like [trial counsel] want[s] to get off the case." In making these arguments, defendant did not explain why he thought these motions were dispositive, or why counsel's refusal to file the motions necessitated substitution of counsel. "A mere allegation that a defendant lacks confidence in his or her attorney, unsupported by a substantial reason, does not amount to adequate cause. Likewise, a defendant's general unhappiness with counsel's representation is insufficient." *Strickland*, 293 Mich App at 398. Defendant's desire for substitute counsel arose from vague demands and general unhappiness with his appointed counsel. He therefore failed to demonstrate good cause for the substitution of counsel.

The trial court also sufficiently balanced defendant's right to the counsel of his choice against the public's interest in the efficiency of trial. See *Aceval*, 282 Mich App at 387. Defendant waited until the day of trial to request substitute counsel. This is exactly what happened in *Strickland*, 293 Mich App at 399, where the defendant waited until the day of trial to request new counsel when the jury, witnesses, prosecution, and trial counsel were present and prepared to proceed with trial. This Court held that "[a] substitution of counsel at that point would have unreasonably delayed the judicial process." *Id*. As in *Strickland*, the trial court in this case did not abuse its discretion in finding that substitution of counsel at this juncture of the proceedings would cause an unreasonable disruption to the judicial process.

Defendant also claims on appeal that he was denied effective assistance of counsel because there was "an obvious and demonstrated breakdown" of the attorney-client relationship. This argument is unavailing. As noted above, unpreserved claims of ineffective assistance of counsel must be apparent from the record. *Matuszak*, 263 Mich App at 48. Defendant claims trial counsel was ineffective for refusing to file certain motions, but defendant fails to explain the nature of these motions and why trial counsel was ineffective for not filing them. *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004) ("The failure to brief the merits of an allegation of error constitutes an abandonment of the issue."). To the extent defendant believes counsel's "hostility" during trial amounts to ineffective assistance of counsel, that is not apparent from the record and therefore does not warrant a new trial.

---

[2] It is unclear the meaning of this statement. Before trial, counsel moved for a personal recognizance bond under MCR 6.004(C), which requires the pretrial release of defendants who have "been incarcerated for a period of 180 days or more . . . ." The trial court denied this motion and defendant does not challenge on appeal the denial of this motion.

## III. SENTENCING

Defendant also argues that the trial court's within-guidelines sentence is disproportionate and unreasonable. We disagree.

## A. STANDARD OF REVIEW

We review a trial court's sentencing decision for an abuse of discretion. *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). A trial court abuses its discretion if it imposes a sentence that "violates the principle of proportionality," which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender. *Id*. at 637. "When a trial court sentences a defendant within the guidelines' recommended range, it creates a presumption that the sentence is proportionate." *People v Posey*, ___ Mich ___, ___; ___NW2d___ (2023) (Docket No. 162373); slip op at 37.

## B. LAW AND ANALYSIS

Although the sentencing guidelines are advisory, trial courts must still consider the guidelines when imposing a sentence. *People v Lockridge*, 498 Mich 358, 365, 391-392; 870 NW2d 502 (2015). When a trial court imposes a sentence that falls within the minimum sentencing guidelines range, that sentence is presumed to be proportionate because it is within the sentencing norm for that offense class. See *Posey*, ___ Mich at ___; slip op at 35. However, we must still review the sentence for reasonableness by determining "whether the trial court abused its discretion by violating the 'principle of proportionality' . . . 'which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017), quoting *Milbourn*, 435 Mich at 636. But, a within-guidelines sentence "could be an abuse of discretion in unusual circumstances." *Milbourn*, 435 Mich at 661. Defendants may overcome the presumption of proportionality by presenting evidence of "uncommon" or "rare" circumstances. *People v Sharp*, 192 Mich App 501, 505; 481 NW2d 773 (1992).

Here, defendant argues his older age, and his rehabilitative potential constitute "unusual circumstances" such that the sentence imposed was disproportionate. In defendant's view, a shorter sentence is necessary to allow him time to recover from his addiction. In fashioning defendant's sentence, the trial court reasoned:

> [M]y concern here, [defendant], is if I read your criminal record, it looks like you're trying to build the resume of someone, not only who is using drugs, because I see that all the time, but as someone who's dealing drugs. I mean, I'm just reading through here, and I see, you know, charge picked up, State Police in Cass County, delivery/manufacture heroin, 2015; 2018, Ingham County, Lansing, 30th Circuit Court same thing, possession with intent to deliver, though pled down at that point to a lesser charge of possession, and here you are on this.
>
> And, you know, I did note that you'd just gotten on parole September 1st, 2020. You pick up this charge 12-26 of 2020. You're three months out, and, you know, you're doing exactly the wrong thing. And, you know, I'm in favor of drug treatment, but not for dealers. You know, if I put a dealer into treatment, yeah, I

get—I get concerned about the other people I send over there that, you know, it's just giving you some new customers. And, you know, your record of this is so long that, you know, my judgment now is that what I need to do is take you out of circulation as long as I can with the sentence, and that's what I intend to do.

Defendant's age is insufficient to overcome the presumption of proportionality given his lengthy criminal history. Similarly, the presumption is not overcome by defendant's rehabilitative potential. As noted by the trial court, defendant's behavior aligned more closely with that of a drug dealer than of a drug user, thus limiting his likelihood for rehabilitation. Defendant fails to rebut the presumption of proportionality reserved for his within-guidelines sentence, see *Posey*, ___ Mich at ___; slip op at 37, and he is not entitled to resentencing.

Affirmed.

/s/ Michael J. Kelly
/s/ Jane E. Markey
/s/ Thomas C. Cameron